William J. Sullivan, J.
In this proceeding pursuant to article 78 of the CPLR, judgment is granted in favor of the respondent dismissing the petition.
The petitioner Marjorie Duffy, a recipient of assistance from the Nassau County Department of Social Services, seeks a judgment declaring that the respondent ‘ ‘ acted arbitrarily and in violation of his duties ” in not providing her with a “ fair hearing ” on an appeal from a determination of the Nassau County Department within the time limit prescribed by the Rules and Regulations of the New York State Board of Social Welfare and further directing respondent to schedule such a hearing “ immediately ”. She contends that a “ fair hearing ” is required by the Federal Handbook of Public Assistance Administration (Part IV, § 6200 [3] [2]), subdivision 2 of section 353 of New York State Social Services Law, and Part 84 of title 18 of the Rules and Regulations of the New York State Board of Social Welfare. The date of the request by Marjorie Duffy for a fair hearing was September 19, 1968.
In addition to Marjorie Duffy, 54 other persons are named as ‘ ‘ petitioners ’ ’ in the caption of the order to show cause herein, and the petition purports to seek similar judgment on their behalf. Since, however, only Marjorie Duffy has signed and verified the petition, it is patently insufficient as to these other persons, and the court may consider this proceeding only as one on behalf of the signer, Marjorie Duffy (cf. CPLR 7804).
It is not alleged that any statute mandates that a ‘ ‘ fair hearing ” be held within a specified number of days after the request or notice of appeal is filed with the respondent. To obtain a mandamus type judgment, such as is sought herein, the petitioner must establish that there has been a violation of a statutory duty (Matter of Phalen v. Theatrical Protective Union, 27 A D 2d 909, revd. on other grounds 22 N Y 2d 34). Section 84.6 of the Rules of the Board of Social Welfare does provide that a “ hearing shall be held promptly and in any *651 event within 10 working days from the date the request is received * * * in cases involving discontinuance or suspension of assistance and within 33 working days from the date the request is received by the department in all other cases (18 NYCRR 84.6.) Although the petition does not allege the nature of the determination involving Marjorie Duffy, more than 33 days had elapsed when the petition was verified on November 6, 1968. Respondent’s failure to comply literally with this rule is the specific charge made against him herein.
By notice of cross motion (more correctly designated as a motion to dismiss the petition pursuant to CPLR 7804, subd. [f]) the respondent questions the sufficiency of the petition as a matter of law.
After examining the papers and considering the facts as set forth therein, the court finds that the petitioner is not entitled to the relief sought. It appears from the papers hereon' that the respondent in actual fact has not refused the request of Marjorie Duffy made on September 19 for a fair hearing ; but admittedly the date thereof has been postponed beyond the time limit set forth in section 84.6 of the rules. The nature of Marjorie Duffy’s appeal is not disclosed, so that it cannot be determined whether her case is of such an emergency nature as in the interests of justice would “ cry out” for an immediate hearing. While it is true that her hearing has not been held within the time specified by section 84.6 of the rules, the court holds that compliance with that rule is not mandatory, but rather directory. The rule was adopted before the unprecedented upsurge in appeals occurred. As revealed by the affidavit of Joel H. Sachs, Esq., Assistant Attorney-General, dated November 18, 1968, requests for “ fair hearings” in 1968 have increased monthly from 525 in April to 3,090 in the month of September alone. Until recently there were only eight hearing officers (increased in September 1967 from four) to cover the entire State. Counsel for respondent stated on the argument of this proceeding that four more hearing officers were added a short time ago, bringing the total now up to 12 — still hopelessly insufficient to meet the demand. It is obvious that when the total State-wide annual number of appeals was 188 in 1964, 199 in 1965, 650 in 1966, 4,233 in 1967, and will be far in excess of the 1967 number in 1968, a further increase in the number of hearing officers and/or a modification of the administrative procedures for handling such appeals is required for prompt disposition of the overwhelming backlog. The problems facing the respondent and *652 Ms department are similar to the problems which our courts have encountered in recent years, when the ever-expanding volume of litigation has resulted in trials being unavoidably delayed and prompt justice denied for a number of years because the number of Judges has been insufficient to cope with such volume. The court is not unmindful of, nor unsympathetic to, the hardship which some welfare recipients may suffer because of protracted delays; but on the record herein, the court is impelled to conclude that the fault in failing to hold hearings within the time limits contained in the board’s rules is not attributable to any arbitrariness or unreasonableness on the part of respondent and his staff. They find themselves buried under an avalanche of appeals which as a practical matter under present rules, procedures and personnel cannot be disposed of within the time limits contemplated by the rules. It would appear that the remedy lies not in having a court issue a series of directives in innumerable article 78 proceedings, compliance with which as a practical matter would be well-nigh impossible; but rather, as heretofore indicated, in changes in administrative procedures or through legislative channels which will furnish respondent with the staff and facilities adequate to process promptly the extraordinary volume of appeals which has accumulated.
The court recognizes, of course, that in emergency cases such as where the facts indicate the existence, or impending threat, of dire need or danger to the health or safety of applicants, an article 78 proceeding may be a necessary and proper remedy to relieve such an emergency situation. Such a factual situation, however, is not presented on this application. In the present proceeding, no facts are revealed which warrant a preference in the time of holding a hearing for this petitioner Marjorie Duffy over other appellants who in accordance with a prior date of appeal, or the facts of their appeals, would be entitled to prior consideration in the normal and regular order of disposition. Accordingly, on the record of this case, the court will not declare that the respondent has ‘ ‘ acted arbitrarily and in violation of his duties ” in this instance, and will not direct an immediate hearing for the petitioner Marjorie Duffy.