Virginia **JEFFRIES** et al., Plaintiffs,

v.

Harold O. **SWANK** et al., Defendants.

No. 70 C 3196.

United States District Court,
N. D. Illinois, E. D.

Dec. 30, 1971.

Mark Spiegel, Edwin F. Mandel, Legal Aid Clinic, Chicago, Ill., Fredrick E. Merritt, Kaskaskia Legal Aid Agency, Centralia, Ill., for plaintiffs.

William J. Scott, Atty. Gen., Walter K. Pyle, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

AUSTIN, District Judge.

This is an action brought under the Civil Rights Act, 42 U.S.C. § 1983 on behalf of a class seeking declaratory and injunctive relief. Jurisdiction is conferred by 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. §§ 2201 and 2202. The class consists of recipients and applicants for public assistance under the Social Security Act who have not or will not receive final decisions on administrative hearings by the Illinois Department of Public Aid within 60 days of the date of their request for a hearing. On April 9, this court granted plaintiffs leave to proceed as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The court is presented here with three motions; 1. Defendants' Motion to Strike and Dismiss, 2. Defendants' Motion to Stay, and 3. Plaintiffs' Motion for Summary Judgment on Count I. The court will also consider the propriety of a three-judge court under 28 U.S.C. § 2281 in this case.

Under the public assistance program of the Illinois Department of Public Aid, financial aid is distributed by the Department to needy persons who are eligible for assistance under one of the categorical assistance programs authorized by the Social Security Act, 42 U.S.C. § 301 et seq (hereinafter aid under the public assistance programs authorized by the Social Security Act; Aid to the Aged, 42 U.S.C. § 301 et seq., Aid to Families with Dependent Children, 42 U.S.C. § 601 et seq., Aid to the Blind, 42 U.S.C. § 1201 et seq., and Aid to the Disabled, 42 U.S.C. § 1351 et seq., will be termed "categorical assistance"). The categorical assistance programs are administered by the United States Department of Health, Education and Welfare (hereinafter referred to as HEW) and jointly financed by the Federal and State governments. Those persons who meet the statutory criteria for assistance receive financial aid as a matter of statutory entitlement.

As a condition for receiving financial assistance from the Federal government for the categorical assistance programs, the appropriate state agency is required to comply with the provisions of the Social Security Act governing the categorical assistance programs, 42 U.S.C. §§ 301 et seq., 601 et seq., 1201 et seq. and 1351 et seq., and the regulations issued thereunder. The Federal statutes establishing and regulating all categorical assistance programs require that the state agency:

" . . . provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for aid [or assistance] . . . is denied or is not acted upon with reasonable promptness." 42 U.S.C.A. §§ 302(a) (4), 602(a) (4) and 1352(a) (4).

In the exercise of its duties under the Social Security Act, HEW has issued a regulation pursuant to the above statutory provisions, 42 U.S.C. §§ 302(a) (4), 602(a) (4), 1202(a) (4) and 1352(a) (4), requiring that:

"(a) State plan requirements. A State plan . . . must provide for a system of fair hearings under which: . . . (11) Prompt, definitive and final administrative action will be taken within 60 days from the date of the request for a fair hearing, except where the claimant requests a delay in the hearing." 45 CFR § 205.10(a) (11), 36 F.R. 3034-35, February 13, 1971.

At issue in this case is the Illinois statute relating to hearings on appeal which states:

> "A decision on appeal shall be given to the interested parties within 60 days from the date of the filing of the appeal, *unless additional time is required for a proper disposition of the appeal.*" 23 Ill.Rev.Stat. § 11–8.6 (1969 ed.) (emphasis added).

The Illinois regulation implementing the Illinois statute states:

> "Final administrative action will be taken by the Department within 60 days of the request for a fair hearing, except in instances where the appellant requests a delay in the hearing in order to prepare his case or the hearing is postponed or continued or for other reasons adjudged valid by the Hearing Officer." Illinois Department of Public Aid Categorical Assistance Manual, Section 6001.3.

The second amended complaint consists of three Counts. In Count I, the plaintiff class alleges that the state statute, and state administrative regulation, quoted above, and the practice of the Illinois Department of Public Aid are in violation of the sections of the Social Security Act and the implementing federal regulation quoted above and the Supremacy Clause of the United States Constitution. Count II alleges that the practice of failing to render final judgments on categorical assistance appeals within a reasonable time from the date of request for a hearing violates the Due Process Clause of the 14th Amendment. Count III alleges that there is a practice of scheduling hearing dates and issuing final decisions without rational standards which violates the Due Process Clause and Equal Protection Clause of the 14th Amendment. Plaintiffs seek declaratory and injunctive relief.

### Defendants' Motion to Strike and Dismiss

■■ Defendants' argument that the plaintiff class fails to state a claim under 42 U.S.C. § 1983 is without merit. All well pleaded allegations of the complaint must be taken by the court as true in a motion to dismiss. *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965). There can be no doubt that the Illinois Department of Public Aid acts under color of state law. In Count I, plaintiffs allege that their rights under the Supremacy Clause are being violated. The Social Security Act requires a hearing, and the federal regulation implementing the statute requires a hearing within 60 days. These requirements are binding on a state receiving federal funds for its categorical assistance programs. Plaintiffs claim they have not received a hearing within 60 days. As to Count I, plaintiffs state a cause of action under 42 U.S.C. § 1983.

■ In Count II, plaintiffs allege that their rights to due process under the 14th Amendment are violated by defendants' failure to render final decisions in administrative hearings within a reasonable period of time from the date of request for such a hearing. In Count III, plaintiffs allege a capricious practice of scheduling hearings and issuing decisions without rational standards which violates their rights under the Due Process Clause and Equal Protection Clause of the 14th Amendment. As to each of Counts II and III, plaintiffs state a cause of action under 42 U.S.C. § 1983.

■ Defendants argue that the state court ruling in People ex rel. Nelson v. Swank (70 L 8588, Circuit Court of Cook County, March 22, 1971) bars plaintiffs from prosecuting this suit under the doctrine of *res judicata* citing *Thomas v. Consolidation Coal Co.*, 380 F.2d 69 (4th Cir. 1967). However, despite the fact that there is a final judgment in *Nelson* involving the same cause of action, plaintiffs here were not parties, successors to, in privity with, or represented by the parties in the state action. There was no order in *Nelson* allowing a class action and no theory of an implicit order could comply with the notice requirements of *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940), Mul-

lane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) and Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2nd Cir. 1968). The doctrine of *res judicata* does not apply here.

■■ Defendants further argue that Metcalf et al. v. Swank et al., 444 F.2d 1353 (7th Cir. 1971), which raised the issue of the constitutionality of a state imposed maximum shelter allowance for persons receiving welfare assistance, requires that plaintiffs here exhaust their administrative remedies before litigating their claims in the Federal courts.

The issue here bears little relation to that with which the 7th Circuit was concerned in *Metcalf*. Plaintiffs are presenting to this court the question of whether those very administrative remedies (which were not challenged in *Metcalf*) comply with Federal statutory and constitutional standards. To require exhaustion of the very state administrative remedy which plaintiffs assert to be illegal and unconstitutional in order to challenge their validity would be futile.

Defendants' motion to strike and dismiss is denied.

*Plaintiffs' Motion for Summary Judgment on Count I*

■■ Count I seeks a declaratory judgment and injunctive relief on the ground that the Illinois Department of Public Aid's failure to render final administrative decisions within 60 days of the request for an administrative hearing violates the Supremacy Clause, the Social Security Act and the HEW regulations promulgated thereunder.

No genuine issue as to any material fact exists in Count I. In support of their motion, plaintiffs offer exhibits which show that defendants fail as a general practice to grant hearings within 60 days of the request. Defendants do not deny the truth of these facts.

The Social Security Act, 42 U.S.C. §§ 302(a) (4), 602(a) (4), 1202(a) (4) and 1352(a) (4) requires an opportunity for a fair hearing, and pursuant to authority granted in 42 U.S.C. § 1203, the Secretary of HEW has promulgated a valid regulation, 45 CFR § 205.10(a) (11), implementing these statutes, which requires prompt final administrative action within 60 days from the date of the request for a fair hearing. The wording of both the statute and regulation is mandatory on its face. No evidence is offered to indicate a contrary intention by the Secretary of HEW. The regulation is clearly reasonable when one considers the dependence of recipients on welfare assistance, the economic hardship of delay in final determination of claims, and the clear statutory intent to provide meaningful access to administrative appellate remedies.

The State of Illinois receives federal funds for its categorical assistance programs. The categorical assistance programs are based on a scheme of cooperative federalism. They are financed largely by the Federal Government on a matching fund basis, and administered primarily by the states. States are not required to participate in these programs, but those which decide to take advantage of the federal funds available under each program are required to submit a plan for the approval of the Secretary of HEW which must conform with the requirements of the Social Security Act and with the rules and regulations promulgated by HEW. A participating state is bound by valid federal regulations governing these programs. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Thorpe v. Housing Authority of City of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1969); Rodriguez v. Swank, 318 F.Supp. 289 (N.D.Ill. 1970) aff'd 403 U.S. 901, 29 L.Ed.2d 677 (1971).

Defendants urge this court to follow two state court decisions: Will v. Department of Health and Social Services of State of Wisconsin, 44 Wis.2d 507, 171 N.W.2d 378 (Sup.Ct.1970) and Duffy v. Wyman, 58 Misc.2d 649, 297 N.Y.S.2d 77, (Sup.Ct.1968). This court declines

to do so. These cases are not consonant in their reasoning with the historical movement of judicial thought in this field of the law.

The Illinois statute, 23 Ill.Rev.Stat. § 11–8.6, and Illinois regulation, § 6001.3, as written and applied, are invalid to the extent that they are inconsistent with the Social Security Act, 42 U.S.C. §§ 302(a) (4), 602(a) (4), 1202(a) (4), and 1352 (a) (4), and federal regulation 45 CFR § 205.10(a) (11). In denying a fair hearing and decision within 60 days from the date of request for a fair hearing, Illinois has breached its federally imposed obligation to "provide for granting an opportunity for a fair hearing." This state statute and regulation are void and in violation of the United States Constitution, Article VI, Clause 2.

Plaintiffs' motion for summary judgment on Count I is granted.

### Defendants' Motion to Stay Proceedings

This motion was premised on the then pending state court proceeding, Nelson v. Swank, discussed above. Since that litigation has been terminated, the issue of a stay is now moot. Defendants' motion to stay proceedings is denied.

### The Propriety of a Three-Judge Panel

Pursuant to the court's order, the parties submitted briefs on the issue as to whether this is a proper case for the convening of a three-judge court under 28 U.S.C. § 2281. After consideration of the authorities in this murky area, the court determines that this is not a proper case for the convening of a three-judge court.

 The determination as to the propriety of a three-judge court should be made when the complaint is filed. The court should consider the complaint as a whole.

The second amended complaint here consists of three counts. In Count I of this complaint, plaintiffs attack the enforcement of a statewide statute and regulation solely on the ground that the statute is inconsistent with federal law under the Supremacy Clause. Alternatively, in Counts II and III plaintiffs solely attack administrative practices of defendants.

Pursuant to § 2281, a three-judge district court must be convened in all cases where injunctive relief is sought against a statewide statute or regulation on the ground that the statute or regulation is repugnant to the federal constitution, if the constitutional questions alleged are not insubstantial. Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

Because of the heavy burden placed on the federal judiciary by the three-judge court procedure, the Supreme Court has carefully limited the cases to which § 2281 applies. In Swift and Co., Inc. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965) the court narrowly construed the term "unconstitutionality" and held that a § 2281 three-judge court is not required in cases challenging state statutes solely on the ground of conflict with the Supremacy Clause. Mr. Justice Harlan's statement in that case, quoting Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 85 L.Ed. 800 (1941) reflects the court's present understanding of § 2281:

> ". . . § 2281 is to be viewed 'not as a measure of broad social policy to be construed with great liberality, but as an enactment technical in the strict sense of the term and to be applied as such.'" 382 U.S. at 124, 86 S.Ct. at 265.

 In Count I, plaintiffs have claimed that 23 Ill.Rev.Stat. § 11–8.6 and Illinois Department of Public Aid Categorical Assistance Manual, § 6001.3, conflict with the Federal Social Security Act and the regulations issued thereunder because this statute and regulation on their faces conflict with the federal regulation requiring final· decisions in public aid administrative hearings within 60 days. Since Count I involves only

the Supremacy Clause, Article VI, Clause 2, of the Constitution, Count I does not require the convening of a § 2281 three-judge court.

 Pursuant to its general position regarding the construction of § 2281 set forth in *Swift*, cited above, the Supreme Court has also excluded from its purview those cases where it is possible to enjoin state officials without holding a state statute or administrative order unconstitutional, as where it is claimed that the officials are administering a constitutional statute in an unconstitutional manner, unless of course it is claimed that the statute as applied to a particular plaintiff is unconstitutional. Ex Parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940); Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941); Wright, Federal Courts, Section 51 at p. 190 (1970 ed.); Metcalf v. Swank, 293 F. Supp. 268 (N.D.Ill.1968).

Count II of this second amended complaint challenges the administration of the Illinois statute and regulation and not the statute or regulation themselves, in that plaintiffs contend that defendants have failed to render final decisions in categorical assistance hearings within a reasonable time from the date of a request for such a hearing in violation of the Due Process Clause of the 14th Amendment. On their faces, the statute and regulation are not inconsistent with the reasonableness standard of the Due Process Clause. They are neutral, neither commanding nor forbidding defendants' practice. It is the administrative practice of long delays alone which is alleged to be inconsistent with the Due Process Clause. Metcalf v. Swank, *supra*.

Similarly, Count III challenges the arbitrary and capricious pattern and practice of defendants in scheduling dates for hearings and issuing final decisions as a violation of the Due Process Clause and Equal Protection Clause of the Constitution. On their faces the statute and regulation are similarly silent as to defendants' practices in this regard. Weis-

berg v. Powell, 417 F.2d 388 at 393 (7th Cir. 1969). Since Counts II and III involve only the alternative claims that the officials are administering a constitutional state statute in an unconstitutional manner, these counts do not require the convening of a § 2281 three-judge court.

This court is not presented here with issues which require determination by a three-judge court under 28 U.S.C. § 2281.