Sharon **GUERRERO** et al.,
Plaintiffs,

v.

**Wilbur J. SCHMIDT, Individually and as Secretary of the Wisconsin Department of Health & Social Services, et al., Defendants.**

**No. 71–C–470.**

United States District Court,
W. D. Wisconsin.

Jan. 8, 1973.

Brian A. Jeffrey, Milwaukee, Wis., for plaintiffs.

Ward L. Johnson, Asst. Atty. Gen., Dept. of Justice, Madison, Wis., Patrick J. Foster, Milwaukee, Wis., for defendants Silverman and Pokorny.

## OPINION and ORDER

JAMES E. DOYLE, District Judge.

This is a suit by plaintiffs welfare recipients and all other persons similarly situated seeking declaratory and injunctive relief from defendants' delay in taking final administrative action on hearing requests; administrative hearings are available to all persons receiving or claiming aid under the federally funded public assistance programs. 42 U.S.C. § 301 et seq. Defendants have filed a motion to dismiss on the grounds that: (1) this court lacks jurisdiction over the subject matter; and (2) the complaint fails to state a claim upon which relief can be granted.

 In ruling upon a motion to dismiss, a court must assume that the material factual allegations of the complaint are true. Furthermore, a motion to dismiss for failure to state a claim may only be granted where it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U. S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1947).

The plaintiffs allege that on dates after April 14, 1971, they requested administrative hearings; that no final administrative action was taken within 90–160 days after their requests; and that because of the cumulative effect of delay at each stage of the administrative process, it is customary for welfare recipients requesting administrative hearings to wait for four to six months before final administrative action is taken. The allegations of each of the three named plaintiffs are somewhat different: plaintiff Guerrero requested a hearing to review the size of a monthly grant to her son, presumably with the intention of obtaining supplemental payments; plaintiff Alston requested a hearing to obtain additional payments for full time housekeeping services; plaintiff Johnson has already obtained a decision ordering the Milwaukee County Department of Public Welfare to issue her a supplementary check but has not received the check. None of the named plaintiffs alleges that her or his total welfare benefits have been reduced or terminated by administrative action.

Plaintiffs contend that the defendants' failure to hold prompt administrative hearings and to implement promptly decisions reached in such hearings deprives the plaintiffs of rights secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Plaintiffs further contend that the defendants' failure to take final administrative action on hearing requests within 60 days from the date of the request constitutes a violation of the Social Security Act's provision for prompt administrative hearings, 42 U.S. C. §§ 602(a)(4) and 1382(a)(4), as implemented by 45 C.F.R. § 205.10.

## PLAINTIFFS' CONSTITUTIONAL CLAIM

### Jurisdiction

 With the exception of the general allegation that the amount in controversy exceeds $10,000, the complaint contains no more specific allegations from which it might reasonably be inferred that this action involves "value" in the necessary amount. Breault v. Feigenholtz, 380 F.2d 90, 92 (7th Cir. 1967), cert. denied 389 U.S. 1014, 88 S.Ct. 591, 19 L.Ed.2d 660 (1967). Consequently, 28 U.S.C. § 1331 does not confer jurisdiction.

 The defendants contend that the constitutional claim is insubstantial

and that consequently jurisdiction is not present under 28 U.S.C. § 1343(3), (4). There is no longer any distinction between personal liberties and property rights with respect to jurisdiction under 28 U.S.C. § 1343(3). Lynch v. Household Finance Corporation, 405 U.S. 538, 542–552, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). The question is whether the complaint asserts a not insubstantial federal claim so that jurisdiction is afforded under 28 U.S.C. § 1343(3). See Almenares v. Wyman, 453 F.2d 1075, 1082 (2nd Cir. 1971). The federal question must present a constitutional claim that is not so insubstantial as to be merely a matter of form, Newburyport Water Co. v. Newburyport, 193 U.S. 561, 576, 24 S.Ct. 553, 48 L.Ed. 795 (1904), nor "frivolous." Bell v. Hood, 327 U.S. 678, 683, 66 S.Ct. 773, 90 L.Ed. 929 (1946). "A claim is not substantial if it is obviously without merit or foreclosed by prior authoritative decisions." 1 Barron & Holtzoff, Federal Practice & Procedure § 25 at 123 (1960). The Supreme Court has held in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970), that although welfare benefits are a matter of statutory entitlement for qualified recipients, procedural due process is applicable to the termination of such benefits. Goldberg, supra at 261–263, 90 S.Ct. 1011; see Wheeler v. Montgomery, 397 U.S. 280, 90 S.Ct. 1026, 25 L.Ed.2d 307 (1970). However, the Supreme Court's decisions have dealt only with administrative proceedings prior to termination and suspension of welfare benefits. Daniel v. Goliday, 398 U.S. 73, 90 S.Ct. 1722, 26 L.Ed.2d 57 (1970). The plaintiffs here are concerned with the application of procedural due process to the procedures established for reviewing and implementing requests for additional welfare benefits. In Goldberg, supra, the Court stated:

> The extent to which procedural due process must be afforded the recipient is influenced by the extent to which he may be "condemned to suffer grievous loss," (citations omitted) and depends upon whether the recipient's

interest in avoiding that loss outweighs the governmental interest in summary adjudication [without procedural protections]. Id. 397 U.S. at 262, 90 S.Ct. at 1017.

In Daniel, supra, the Court remanded to the District Court with instructions to consider the due process rights of the parties with respect to the reduction of welfare benefits as contrasted with the termination of benefits. Daniel, supra 398 U.S. at 73, 90 S.Ct. 1722. I conclude that the plaintiffs' constitutional claim presents a not insubstantial federal question over which this court has jurisdiction under 28 U.S.C. § 1343(3).

### Failure to State A Claim

■ On the merits, defendants urge that plaintiffs have failed to state a claim upon which relief can be granted. The question is whether the procedures established for reviewing and implementing requests for additional welfare benefits must comply with the procedural due process requirements established for administrative proceedings terminating welfare benefits. The bearing of the Goldberg decision on state treatment of applications for additional welfare benefits must be determined upon a record fully developed before this court. See Daniel, supra at 73, 90 S.Ct. 1722. Upon a motion to dismiss the complaint for failure to state a claim, it would be inexpedient to decide the constitutional issues presented because the production of evidence may well make the answer to these questions more clear. Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 213, 55 S.Ct. 187, 79 L.Ed. 281 (1934) (Stone & Cardozo, JJ., concurring).

## PLAINTIFFS' STATUTORY CLAIM

### Jurisdiction

■ The plaintiffs also present a statutory claim. The question is whether this court may assert jurisdiction over the statutory claim without regard to the jurisdictional amount, i. e. whether the statutory claim is pendent to the constitutional claim. See Almenares, su-

*pra* 453 F.2d at 1083; Serritella v. Engelman, 339 F.Supp. 738, 747 (D.N.J. 1972). I conclude that the statutory and constitutional claims in the instant case "derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Moreover, the pendent claim in this case is based upon statutory rights created by federal statutes and regulations. Finally, considerations of judicial economy favor trying these claims together. *Almenares, supra* 453 F.2d at 1083–1085; Like v. Carter, 448 F.2d 798, 801 (8th Cir. 1971); Johnson v. Harder, *infra* 438 F.2d at 9–12; *Serritella, supra* 339 F.Supp. at 747; see Rosado v. Wyman, *infra*; King v. Smith, *infra*. Therefore, I conclude that this court has jurisdiction over the pendent statutory claim pursuant to 28 U.S.C. § 1343(3). Furthermore, once jurisdiction is established, if appropriate this court may decide this action on its merits strictly upon the statutory claim. Johnson v. Harder, 438 F.2d 7, 9–12 (2nd Cir. 1971). *See* Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

### *Failure to State a Claim*

Turning to the merits, defendants contend that the plaintiffs fail to state a statutory claim upon which relief can be granted. Citing Will v. H. & S. S. Department, 44 Wis.2d 507, 514, 171 N.W.2d 378 (1969), they argue that the regulation relied upon by the plaintiffs for establishing a 60 day limit for final administrative action is only directory and not mandatory in nature.

The defendants' reliance upon *Will, supra*, is misplaced. At the time of that decision by the Wisconsin Supreme Court, the regulation relied upon by the plaintiffs in this action, 45 C.F.R. § 205.10(a) (11), had not yet been promulgated. Although recognizing that the rights of recipients of categorical aids are to be determined by looking to federal and state statutes and regulations,

the Wisconsin Supreme Court held that there was no 60-day limit established in 1969. *Will, supra* at 515, 177 N.W.2d 378.

On February 13, 1971, 45 C.F.R. § 205.10(a)(11) was published in the Federal Register; it became effective 60 days later on April 14, 1971, before any of the plaintiffs' requests for administrative hearings were submitted. 45 C.F.R. § 205.10(a)(11) provides:

> A State plan [for categorical public assistance] must provide for a system of fair hearings under which:
>
> . . . . . .
>
> 11) Prompt, definitive, and final administrative action will be taken within 60 days from the date of the request for a fair hearing, except where the claimant requests a delay in the hearing. *Id.*

I conclude that the language of the federal regulation is mandatory. Jeffries v. Swank, 337 F.Supp. 1062, 1066 (N.D. Ill.1971). *See also* Like v. Carter, *supra*; Rodriguez v. Swank, 318 F.Supp. 289, 296 (N.D.Ill.1970) aff'd 403 U.S. 901, 91 S.Ct. 2202, 29 L.Ed.2d 677 (1971). As stated by the court in *Jeffries, supra*:

> [This construction] is clearly reasonable when one considers the dependence of recipients on welfare assistance, the economic hardship of delay in final determination of claims, and the clear statutory intent to provide meaningful access to administrative appellate remedies. *Jeffries, supra* 337 F.Supp. at 1066.

The Wisconsin state plan provides in part:

> Any person whose application for [categorical] aid . . . is not acted upon by the county agency with reasonable promptness after the filing of the application, may petition the department for a review of such action. Wis.Stats. 49.50(8)(1972).

This statute does not specify what time period constitutes "reasonable promptness". Wisconsin has elected to participate in the categorical assistance program established by the Social Security

Act of 1935, 42 U.S.C. § 301 et seq. In order to qualify for the federal financial contribution, the state must comply with the federal act and with the regulations promulgated by H.E.W. The Wisconsin statute on its face is ambiguous. At this stage of this case, I do not decide whether the statute's failure on its face affirmatively to incorporate the 60-day limit renders it invalid. Accepting the allegations of the complaint as true, it may be that the defendants have violated Wis.Stats. 49.50(8), as well as 45 C.F. R. § 205.10, or it may be that they have applied Wis.Stats. 49.50(8) in a manner which is inconsistent with 45 C.F.R. § 205.10. In either situation, the plaintiffs are entitled to declaratory and injunctive relief. *See* King v. Smith, *supra* 392 U.S. at 333, 88 S.Ct. 2128; Like v. Carter, *supra*; Jeffries v. Swank, *supra*; Rodriguez v. Swank, *supra*. *See also Almenares, supra* 453 F.2d at 1082. Consequently, I conclude that the federal statutory claim states a cause of action upon which relief can be granted.

Accordingly, for the reasons stated above and on the basis of the entire record herein, it is hereby ordered that the defendants' motion to dismiss is denied.