Bertram Harnett, J.
By memorandum decision dated January 22, 1973, this court held that the New York State Department of Social Services had failed to render decisions to social services benefit applicants after fair hearings within the 60-day time period .set by Federal and State social services regulations, and that the regulation language employed and the crucial interests of appealing applicants required that the stated time limitation be mandatory and not enlarged de facto by administrative backlog. (Matter of Cisco v. Lavine, 72 Misc 2d 1009.) The State now moves to renew and reargue that decision, and for leave to file an answer.
The guiding principles here are that, reargument may be granted where the court has overlooked or misapprehended some factual matter or legal authority, whereas renewal may lie if new evidentiary material is asserted that is pertinent to the decision already rendered. (Marine Nat. Bank v. National City Bank, 59 N. Y. 67, 73; Walsh v. New York State Liq. Auth., 45 Misc 2d 827, revd. on other ground 23 A D 2d 876, affd. 16 N Y 2d 781.) Neither apno,may be made “ simply because the unsuccessful counsel * * * would like to again argue the very questions [previously] decided ”. (Foskick v. Town of Hempstead, 126 N. Y. 651.) Both are addressed ■to the discretion of the court and are sparingly granted. (See 2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2221.03.)
A. RESPONDENT HAS IN SUBSTANCE SET FORTH AN ANSWER
Reb^Ment Commissioner of the New York State Department of Social Services first contends that he should be allowed to file a formal answer now that his initial dismissal arguments have been rejected. However, the court’s prior holding was prompted by respondent’s answering .affidavit which clearly raised both essential issues of regulation interpretation and legal effect of administrative overload. There are no different grounds asserted in this application to renew, only statistical detail is *1089 supplied to fill out the original contention of increased hearing demand and State efforts to cope with it. The existence of widespread delays in fair hearing determinations is not denied, indeed, it is asserted.
While subdivision (f) of CPLB 7804 and subdivision (a) of CPLB 404 provide that a court .shall permit an answer to be filed after a motion to dismiss is denied, it is also true that respondent did not move formally for a dismissal as required by those sections, and, as the court noted, respondent was in fact .subject to default judgment pursuant to subdivision (e) .of CPLB 7804. (Cf. Matter of Posner v. Rockefeller, 33 A D 2d 683, affd. 25 N Y 2d 720; Matter of Sibarco Stations v. Risman, 34 A D 2d 890.) Until now, respondent has made no request for an opportunity to file an answer.
Yet, the court believes the interests of justice would be served by allowing the State to interpose and have considered the factual material asserted now, presumably which would form the basis of its proposed answer, although the court has not been furnished with a copy of that pleading. A certain flexibility in pleading practice is allowed and even encouraged by the CPLB, where no interest is prejudiced. (CPLB 103, subd. [c].) Here, there are no disputed factual issues requiring an evidentiary hearing with strict pleading preliminaries to reveal where the disagreements and triable matters lie. Petitioners do not dispute the statistics now asserted. Bather, all parties agree that .the questions presented are ones of law. For these purposes, the court dispenses with the formal filing of an answer, deems the affidavits and exhibits submitted by the State as constituting an answer, and grants renewal of the State’s opposition to the article 78 petition in order that the new material might be duly considered.
B. REARGUMENT granted
The pending case of Nelson v. Sugarman (-F. Supp.[S. D. N. Y. 71 Civ. 1719]) was brought to the court’s attention in the prior application, but neither party here raised the Federal court’s as yet unreported memorandum decision in that case dated November 15, 1972. Since that decision is itself authority having a direct bearing on the issues presented here, contained the expressed views of the United States Department of Health, Education and Welfare (HEW) as amicus curiae, and made findings with respect to current fair hearing delay in New York State, the court will grant reargument in order to reassess this case in the light of Nelson.
*1090 Further, although the court was previously mindful of the case of Matter of Duffy v. Wyman (58 Misc 2d 649, affd. 33 A D 2d 923), now asserted as controlling by the State, it did not then believe it determinative of this case, and now upon reargument will .state explicitly the reasons why not.
C. UPON RENEWAL AND BE ARGUMENT
Except in one crucial respect, the court adheres to its prior decision in this case.
1. THE 60-DAY PERIOD IS MANDATORY
In Nelson (-F. Supp.-, supra) the court unequivocally
rejected the State’s contention likewise urged here, that the HEW regulation (Code of Fed. Reg., tit. 45, § 205.10, subd. [a], par. [11]) “is directory and not mandatory ”, Nelson v. Sugarman (-F. Supp.- [S. D. N. Y. 1972, slip op. at 9, 20]), and concluded that the 50-day rule was “required” as a “mandatory prescription”. In recognizing the State’s recent efforts to meet increased hearing requests with a larger administrative staff, the Federal court in no way found the required time period to be relaxed thereby but, in fact, held that the State failed to comply with section 205.10 (subd. [a], par. [11]) of title 45 of the Code of Federal Regulations ‘ ‘ in a substantial number of fair hearing cases ’ ’. Furthermore, in Banner v. SmolensM (No. 69-1053-G, D. Mass. Oct. 18, 1972, earlier, 315 F. Supp. 1076,1081 [Mass. 1970]), the court rejected the excuse of case backlog for delays in final fair hearing determinations past the 60-day period and enjoined the Massachusetts Department of Public Welfare from further violations, noting that administrative initiative and reorganization can be used to cut down on delay. Both Nelson (supra). and Banner (supra) reinforce the correctness of this court’s prior determination. No authority has been cited making a contrary interpretation of the Federal rule.
The case of Matter of Duffy v. Wyman (58 Misc 2d 649, affd. 33 A D 2d 923, supra), does not require a different result. That ease was decided at the trial level back in 1968 before it had become firmly established that State-operated, Federally-reimbursed grant-in-aid programs were procedurally governed by and must comply with Federal law. (See Almenares v. Wyman, 453 F. 2d 1075 [2d Cir., 1971], cert. den. 405 U. S. 944 [1972].) Further, it came at a time when a sudden recent deluge of fair hearing requests was thought to render compliance with the 60-day period “well-nigh impossible”. Noting that the State regulation had been adopted before the *1091 “ unprecedented upsurge in appeals occurred”, the court, we believe, meant to hold that, based on the figures and the newness of the situation, compliance would not be then compelled. This was simply affirmed without opinion.
Now, after four years, the regulation remains unchanged and the State is still exceeding the 60-day period in “ substantial ” respects. Moreover, for over two years, New York has in fact had notice of the likely hearing surge resulting from recent Federal rule changes requiring aid pending fair hearing determinations in cases of aid reduction or discontinuances. (See Almenares v. Wyman, 453 F. 2d 1075, cert. den. 405 U. S. 944, supra.)
Any basis for suspending compliance simply no longer fairly exists.
The statistical evidence submitted by the State, basically the same as presented in Nelson (-F. Supp.-, supra) is similarly not supportive of a different result on the law. The State is to be commended for its efforts to meet the increasing hearing demand with more hearing officers, secretarial staff and clerical workers, as both Judge Motley noted and this court now observes. The case backlog has in fact been reduced. Yet, this itself is evidence that the task is indeed approachable, albeit difficult. “ The state department has therefore fully demonstrated its ability to comply with the 60-day rule. ’ ’ (Nelson v. Sugarman, -F. Supp. -, supra, slip op. at 20.) The interpretation of the regulation period as mandatory does not confront the State with a directive impossible of compliance.
The State provides no breakdown of the presently backlogged cases, but, as this court previously intimated (Matter of Cisco v. Lavine, 72 Misc 2d 1009, supra), and the court in Nelson (-F. Supp.-,-, supra) specifically found, id at 17-19, the built-in financial incentive of aid continuance in cases of discontinuance and reduction has worked to shorten the appeal period for those types of cases, and the bulk of hearing determinations now extending beyond the 60-day period are cases of people whose applications for assistance or increased assistance were denied. These are vulnerable families, no less deserving of procedural protection where need in fact exists, yet lacking the security of aid continuance. They are most dependent upon the 60-day period for fair treatment, and there is absolutely no showing of an improved picture for them, no indication that the State’s reduction in delays, mostly reduction and discontinuance cases, has in substantial respect reduced *1092 the backlog and delay in hearing their grievances. Indeed, a more lax rule applied for timeliness of determination in appeals of application denials would raise grave questions of equal treatment and fair procedure as between similarly situated appealing recipients.
2. BUT, 60 DATS TO “ FINAL ADMINISTRATIVE ACTION ”
The motion to reargue has, however, unearthed one aspect in which prevailing authority has been overlooked and the court would be .remiss if it did not now correct that defect. Respondent was directed in the prior decision only to render fair hearing decisions within 60 days of request. Yet, the decision in Nelson (-F. Supp.-, supra) held, as did Banner v. Smolenski (supra), and Jeffries v. Swank (337 F. Supp. 1062 [N. D. Ill., 1971]), that the Federal regulation requires that “ final administrative action ” be taken 60 days from the date of fair hearing request, and that means “ mailing of [a] check or increased check, or notification of denial of assistance ” within that period. (Code of Fed. Reg., tit. 45, § 205.10, subd. [a], par. [H].)
HEW, in its amicus curiae brief in Nelson, fully concurs in this interpretation noting that “ an individual who is applying for assistance must receive his entitlement promptly” and that to require merely a fair hearing decision and not compliance therewith in 60 days would leave the decision’s “ implementation open to bureaucratic delays of uncertain duration ”. (Nelson v. Sugarman,-F. Supp.-, supra, slip op. n. 9.)
Although the language of the State regulation refers to rendering a fair hearing decision within 60 days (18 NYCRR 358.18 [a]), this court believes that Federal court holdings correctly interpret and apply the controlling requirement. The prompt and “final” remedial action must mean more than mere rendering of the hearing decision; it reasonably includes the local agency’s delivery of .services or funds to the aggrieved recipient found on appeal to have been erroneously denied.
It is now well established that State and local public assistance programs that are Federally reimbursed (the Aid to Families with Dependent Children and Aid to the AgSd, Blind and Disabled categories) must comply with Federal statutory and regulatory requirements. (King v. Smith, 392 U. S. 309 [1968]; Lewis v. Martin, 397 U. S. 552 [1970]; Young v Shuart, 67 Misc 2d 689, 695, affd. 39 A D 2d 724.) The New York State Legislature has in fact “ declare [d] its intent to make provision for the state to meet all necessary federal requirements *1093 under the social security act”. (L. 1970, eh. 517, § 1.) Subdivision (a) of section 358.18 of title 18 of the New York Codes, Rules and Regulations is out of conformity with the Federal standard, and, accordingly, must be revised to provide that final administrative action will be taken wifchin 60 days of fair hearing request.
Upon reargument, therefore, the prior decision in this case is modified to the extent of declaring that, in addition to violating the prevailing State regulation, the respondent has violated section 205.10 (subd. [a], par. [11]) of title 45 of the Code of Federal Regulations in failing to effect ‘ final administrative action ” within the prescribed 60-day period, is enjoined from further violation of that mandate and is directed to revise or amend subdivision (a) of section 358.18 of title 18 of the New York Codes, Rules and Regulations in conformity with Federal requirements.
D. BELIEF REVISITED
The court cannot discern any reason at this stage for delaying its mandate. The Nelson (-F. Supp.-, supra) court order gave the State 60 days to report back to it on efforts to comply with section 205.10 (subd. [a], par. [11]) of title 45 of Code of Federal Regulations and allowed 90 days for completion of procedures “ to insure its full compliance with the 60-day rule ’ \ It appears that both periods have now passed and respondent has not seen fit to inform this court what further submissions were made to the Federal court, nor does he state that these directives were too burdensome to be complied with. Apparently, no further directive has been made to date in that case.
Moreover, the proceedings in Nelson (- F. Supp. -, supra) do not pre-empt this court’s jurisdiction since the State-local assistance programs, being funded jointly at the local, State and Federal levels, are subject to continuing concurrent and parallel Federal and State judicial scrutiny. Cases presenting Federal issues, while arising predominantly in Federal courts, are not exclusively within the jurisdiction of those forums. Indeed, where the Federal jurisdiction prerequisites are not satisfied, State courts may be the only available forum in which to raise claimed violations of Federal law. (See Hagans v. Wyman, 471 F. 2d 347; ‘ Federal Jurisdiction over Challenges to State Welfare Programs ”, 72 Col. L. Rev. 1404; cf. Rosado v. Wyman, 397 U. S. 397 [1970].)
*1094 The issues here are therefore neither mooted nor precluded by the Federal action.
As this court stated previously, the interest of needy recipients in fair procedures is vital. The record in this case indicates that a final directive in the matter is feasibly implementable and ultimately required to put this controversy to rest. In the final analysis, after a certain period of grace, “ unreasonable delay in run-of-the-mill ” public assistance cases “ cannot be justified by simply asserting that public resources * * * are limited”, because “this approach also subverts the State’s own goals ” in operating an efficient, fair and humane social services program. (People ex rel. Franklin v. Warden Brooklyn House of Detention for Men, 31 N Y 2d 498, 504 (Fuld, Ch. J. concurring and quoting Barker v. Wingo, 407 U. S. 514, 538.) See Matter of Banks v. Wyman, 39 A D 2d 215.)
Accordingly, upon reargument and renewal, the court adheres to its original decision, except insofar as indicated.