Virginia JACOBSON, Plaintiff,

v.

FOREST COUNTY POTAWATOMI
COMMUNITY et al.,
Defendants.

No. 74-C-408.

United States District Court,
E. D. Wisconsin.

Dec. 27, 1974.

Charlton, Greco, Welcenbach & Stanich by Earl Charlton, Milwaukee, Wis., for plaintiff.

Edwards, Edwards & Bodin by James F. Bodin, Duluth, Minn., for Forest County.

James W. Clute and Philip S. Fuoco, Dept. of Justice, Washington, D. C., for Indian Rights.

William J. Mulligan, U. S. Atty. by Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for Secretary.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff is a member of the Forest County Potowatomi Community. She challenges the constitutionality of those sections of tribal constitution and bylaws which (1) exclude women from holding office in the tribal council; (2) extend the franchise only to those tribe members who are 21 years of age or over; and (3) provide for allegedly inadequate notice of special meetings of the general tribal council. Jurisdiction is purported to exist under the Indian Civil Rights Act, 25 U.S.C. § 1302.

On September 20, 1974, I granted the plaintiff's motion for an order temporarily restraining the defendants Daniels, Shawno and Thunder from being installed as officers of the tribal council. The validity of their elections to such offices is challenged insofar as it was conducted pursuant to the challenged provisions of the tribal constitution.

The plaintiff now seeks a preliminary injunction. Meanwhile, the defendants have filed motions to dismiss. Briefs and affidavits have been submitted and oral arguments were entertained by this court at hearings on November 1, 1974, and December 18, 1974. I conclude that the September 20, 1974, temporary restraining order should be vacated and that the plaintiff's motion for a preliminary injunction should be denied. In addition, I conclude that the defendants' motions to dismiss should be granted. Sovereign immunity, failure to exhaust tribal remedies and the doctrine of internal controversy operate to deprive this court of jurisdiction in this matter.

█ The United States Constitution does not apply to any Indian tribe. Talton v. Mayes, 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196 (1896). However, the doctrine of internal controversy has been eroded to the extent that 28 U.S.C. § 1343(4) provides federal courts a jurisdictional basis to protect those itemized, substantive right guaranteed by the Indian Civil Rights Act, 25 U.S.C. § 1302, which was enacted in 1968. By such legislation, Congress imposed upon tribal governments a list of specific restraints consisting almost entirely of language copied verbatim from the United States Constitution, mainly from the Bill of Rights.

█ However, the Indian Civil Rights Act enumerates only *some* of the governmental restraints that are included in the United States Constitution. For example, the first proposed draft of this statute would have imposed the substantive requirements of nonestablishment of religion and the fifteenth amendment prohibition on racial classification in voting. When an objection was raised in the Senate hearings on that legislation, charging that the first requirement would threaten the survival of theocratic tribes and that the second requirement would be inconsistent with the cultural autonomy of all the tribes, the committee changed the bill to omit these requirements. See Note, "The Indian Bill of Rights and the Constitutional Status of Tribal Governments," 82 Harv.L.Rev. 1343, 1359 (1969). It is clear, therefore, that the doctrine of internal controversies still operates to deprive federal courts of subject matter jurisdiction, except in those areas specifically provided for in the Indian Civil Rights Act.

Significantly, the Indian Civil Rights Act contains no requirement that tribes have a republican form of government. U.S.Const. art. IV, § 4. Congress realized that the leadership of some tribes rests entirely in the hands of a nonelected group of elders. Meanwhile, first amendment protections were incorporated in the Indian Civil Rights Act in order to make tribal government and culture responsive and open to change from within 82 Harv.L.Rev. at 1363.

While the plaintiff has invoked the Indian Civil Rights Act [and, presumably, 28 U.S.C. § 1343(4)] as the basis for this court's jurisdiction, no provisions of such act correspond to either her 19th or 26th amendment type claims. Meanwhile, it is noted that no challenge has been asserted with respect to those sections of the tribal constitution which contain ethnic restrictions on tribal membership and voting; the Indian Civil Rights Act makes no mention of the 15th amendment.

In ¶ 8 of her own complaint, the plaintiff alleges:

"8. That from time in memorial female Indians participated in the conduct of the business and affairs of the tribe including the Potowatomi tribe. That since February 6, 1937, when the Constitution and Bylaws of the Forrest County Potowatomi Community were approved female members of the tribe have in fact been candidates and have been elected to membership of the governing body of the Forest County Potowatomi Community known as the General Tribal Council."

The tribal constitution provides for its own amendment. Nowhere in the complaint does there appear an allegation that the plaintiff has been denied her rights under the first amendment of the United States Constitution, as provided for by the Indian Civil Rights Act. An attempt is being made to repeal the challenged provisions of the tribal constitution. Such constitutional amendment represents at least one tribal remedy which the plaintiff is required to exhaust. O'Neal v. Cheyenne River Sioux Tribe, 482 F.2d 1140 (8th Cir. 1973). See also White v. Tribal Council, Red Lake Band of Chippewa Indians, 383 F. Supp. 810 (D.Minn., decided Nov. 8, 1974). In any event, I conclude that the facts alleged by the plaintiff fail to state a cause of action against the tribal defendants cognizable under the Indian Civil Rights Act, which is the only available jurisdictional basis.

With respect to the federal defendants, there exists no statutory authority for this court to exercise judicial control in this matter. The principle that the United States, as sovereign, is immune from suit save as it consents to be sued, is not affected by the fact that the government has voluntarily undertaken a trustee relationship with respect to the Indians. Motah v. United States, 402 F.2d 1 (10th Cir. 1968); Harkins v. United States, 375 F.2d 239 (10th Cir. 1967). Facts have not been alleged which, if proved, would show that the federal defendants have acted *ultra vires* or unconstitutionally. See, e. g., Tewa Tesuque v. Morton, 498 F.2d 240 (10th Cir. 1974).

Therefore, it is ordered that the temporary restraining order dated September 20, 1974, be and hereby is vacated.

It is also ordered that the plaintiff's motion for a preliminary injunction be and hereby is denied.

It is further ordered that the defendants' motions to dismiss be and hereby are granted.