Michael E. STURDEVANT et
al., Plaintiffs,

v.

Ada E. DEER et al., Defendants.

No. 75–C–381.

United States District Court,
E. D. Wisconsin.

Feb. 18, 1976.

Mary Kay Baum, Keshena, Wis., for plaintiffs.

Joseph F. Preloznik, Madison, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs are enrolled members of the Menominee Indian Tribe. They challenge various actions taken by the defendants in their capacity as members of the Menominee Restoration Committee, Menominee Tribal Enterprises, and Menominee Enterprises Incorporated. As part of their 11 count amended complaint, the plaintiffs allege that the defendants violated the Indian Civil Rights Act, 25 U.S.C. § 1302, (counts 1, 4 and 7) and the fifth amendment (counts 2, 3, 5, 6, 8 and 9). Included in the amended complaint are assertions by the plaintiffs that the defendants violated the Menominee Restoration Act, 25 U.S.C. § 903, and that such violations constitute violations of the Indian Civil Rights Act (counts 4 and 7) and the fifth amendment (counts 5 and 8).

The defendants have filed motions to dismiss this action pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of jurisdiction over the subject matter; Rule 12(b)(7) for failure to join an indis-

pensable party; and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## LACK OF JURISDICTION

The first issue presented by the defendants' motion is whether the amended complaint alleges facts sufficient to establish jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(4), and pendent jurisdiction. The plaintiffs argue that a substantial federal question is presented. They contend that the court is primarily being asked to construe and apply federal statutes and the fifth amendment, and that the action is therefore one which ". . . arises under the Constitution, laws, or treaties of the United States," within the meaning of 28 U.S.C. § 1331(a).

A number of tests exist for deciding whether an action may be said to be one "arising under" federal law. In *Shulthis v. McDougal,* the Court stated:

"A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such law, upon the determination of which the result depends." 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205, 1211 (1912).

■ A similar but more succinct test for federal question jurisdiction provides that "there must be a substantial claim founded directly upon federal law." See Wright and Miller, *Federal Practice and Procedure,* § 3562 at 414 (1975). Basic to both tests is the notion of "substantiality." The requirement of substantiality does not refer to the value of the interests at stake but to whether there is any legal substance to the position the plaintiffs are presenting. *Hagans v. Lavine,* 415 U.S. 528, 536–38, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577, 587–88 (1974); *Guerrero v. Schmidt,* 352 F.Supp. 789 (W.D.Wis.1973).

Applying these principles to the allegations set forth in the plaintiffs' amended complaint, it is my view that those counts alleging violations of the Indian Civil Rights Act satisfy the test for federal question jurisdiction, whereas those counts alleging violations of the fifth amendment do not.

■ The plaintiffs specifically allege that the defendants violated § 1302(8) of the Indian Civil Rights Act, which states:

"No Indian tribe exercising powers of self-government, shall—

(8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law."

The defendants argue that their disputed actions in the instant case do not constitute actions by an "Indian tribe exercising powers of self-government," within the meaning of the statute. While the defendants do present a number of strong arguments in support of this statutory interpretation, they have not persuaded me that the plaintiffs' claims are so unsubstantial as to be absolutely devoid of merit. Accordingly, the court should not dismiss such counts for lack of substantiality under 28 U.S.C. § 1331.

In my judgment, the precise legal status of the tribal bodies of which the defendants are members involves a substantial federal question, one "respecting the validity, construction, or effect" of the Indian Civil Rights Act, within the meaning of 28 U.S.C. § 1331. The rights and duties of the Menominee Restoration Committee are unique in comparison with the rights and duties of decisionmaking bodies of other tribes. Further inquiry is needed to determine whether the committee may properly be said to be an "Indian tribe" and whether committee decisions which are the subject of this litigation constitute exercises of "the powers of self-government," within the broad definitions of those terms set forth in the Act.

This court has previously held that ". . . the doctrine of internal controversy has been eroded to the extent that 28 U.S.C. § 1343(4) provides federal courts a jurisdictional basis to protect those itemized, substantive rights guaranteed by the Indian

Civil Rights Act." *Jacobson v. Forest County Potawatomi Community*, 389 F.Supp. 994, 995 (E.D.Wis.1974). Whether the alleged rights which are the subject of this controversy are protected by the Act appears to me to be an open question, and one which requires further exploration into the facts of the case, together with a judicial application of the provisions of the Act to these facts.

■ While it is debatable whether the defendants' membership in the various Menominee decisionmaking committees makes them an "Indian tribe exercising powers of self-government," within the meaning of the Indian Civil Rights Act, I find that they are not federal instrumentalities for purposes of jurisdiction under the fifth amendment. In *Jacobson*, this court quoted from *Talton v. Mayes*, 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196 (1896): "The United States Constitution does not apply to any Indian Tribe." 389 F.Supp. at 995. See *Groundhog v. Keeler*, 442 F.2d 674, 678 (10th Cir. 1971).

The United States government is generally involved in the structure and affairs of Indian tribes in this country and particularly involved in the structure and affairs of the Menominee tribe and the Menominee Restoration Committee. Nevertheless, the committee has been elected by other Menominees to "represent the Menominee people" in the implementation of restoration up until "the time which the duly-elected tribal governing body takes office." 25 U.S.C. § 903b(a). The plaintiffs have offered no cases or substantial arguments to show that the decisionmaking committees in question are other than "tribal" committees, within the broad scope of *Talton v. Mayes*.

Counts 2, 3, 5, 6, 8 and 9, which are "founded directly" on the fifth amendment of the Constitution, will therefore be dismissed for lack of jurisdiction over the subject matter. Motions to dismiss counts 1, 4 and 7, for lack of jurisdiction will be denied since the plaintiffs' claims therein allege violations of the Indian Civil Rights Act and present a substantial federal question

under 28 U.S.C. §§ 1331 and 1343(4). Since there is federal question jurisdiction as to several counts and since I believe that counts 10 and 11 "derive from a common nucleus of operative fact," I conclude that this court does have power to hear such claims under pendent jurisdiction. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218, 227 (1966). Motions to dismiss counts 10 and 11 for lack of jurisdiction will be denied.

### FAILURE TO STATE A CLAIM

The defendants argue that the federal claims set forth in counts 1, 4 and 7 of the amended complaint should be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for "failure to state specific facts as a basis of a claim for which relief can be granted," and for failure to aver specifically "that the actions of defendants are those of an Indian tribe in the exercise of powers of self-government" and that "personal liberty and personal property have been deprived without due process as a result of the exercise of those powers of self-government."

■ Upon examining the amended complaint, I find that the plaintiffs have alleged numerous facts as a basis of their claims, and that in suing the defendants in their "official capacity or purported official capacity" on the grounds that the defendants have deprived them of liberty and property in counts 1, 4 and 7, the plaintiffs have stated claims under the Indian Civil Rights Act sufficient to satisfy the minimal pleading requirements of the Federal Rules of Civil Procedure.

With regard to counts 10 and 11, there are sufficient facts alleged to state claims for breach of fiduciary duty and negligence.

Therefore, the defendants' motion to dismiss pursuant to Rule 12(b)(6) will be denied.

### FAILURE TO JOIN AN INDISPENSABLE PARTY

In arguing that the court should not "in equity and good conscience" proceed with

this action in the absence of the United States government, the defendants assert that "the interest of the United States is not distinct and severable from that of the defendants." They claim that any relief which the court could give in this action "would subject the United States to liability for breach of trust, breach of contract and violation of other Restoration documents and federal laws," and that the government is an indispensable party to this action under Rule 19, Federal Rules of Civil Procedure.

The structure of Rule 19 indicates that when an issue of compulsory joinder is raised, the court must initially determine whether the absent party's interest in the litigation is sufficient to satisfy one or more of the tests set out in the first sentence of Rule 19(a). See Wright & Miller, *supra* § 1604. In the instant case, it is apparent that this is not a situation in which the United States "claims an interest relating to the subject of the action" under Rule 19(a)(2). The interior department and the defendants have an ongoing relationship during the present restoration implementation period, but the United States has not come forward to claim an interest.

Where Rule 19(a)(2) emphasizes the interests of absent persons over those individuals already in court, Rule 19(a)(1) focuses on the existing parties and is concerned with whether the dispute can be effectively and completely adjudicated. The test for "complete relief" is closely related to several of the factors mentioned in Rule 19(b), notably the second and third considerations listed therein, and includes the public interest in avoiding repeated lawsuits on essentially the same matter. See 1966 Advisory Committee Notes on Amended Rule 19(a); *Gateway Associates, Inc. v. Essex-Costello, Inc.*, 380 F.Supp. 1089, 1095 (N.D.Ill.1974).

The plaintiffs' claims involve the alleged failure of various interim governing bodies adequately to represent tribal interests. The plaintiffs point out in their brief that they "have nowhere alleged any trust violations, any breach of duty or failure to perform administrative responsibility as to

the United States government." Based on the plaintiffs' allegations and the relief sought, I conclude that "complete" relief, as contemplated by the framers of Rule 19(a), could be granted without the government's presence as a party to the lawsuit. See *Tlingit & Haida Indians of Alaska v. Chugach Native Association*, 502 F.2d 1323, 1326 (9th Cir. 1974). Since the United States is not a necessary party, the defendants' motion to dismiss under Rule 19 will be denied.

Even were I to find the United States to be a necessary party to this lawsuit, it would not be "indispensable" under the tests set forth in Rule 19(b). The parties are in agreement that sovereign immunity precludes compulsory joinder of the United States in the instant case. The defendants argue that any relief which this court could grant would be prejudicial to the interests of the absent party; they do not claim prejudice to themselves from nonjoinder.

While it is not a certainty that the United States and all of its agents will be absolutely immune from future litigation on issues related to those raised by the plaintiffs in this action, it appears that I would be able to shape relief to minimize or avoid any prejudice to the absent party, should the plaintiffs prevail here. See *Sierra Club v. Leslie Salt Co.*, 354 F.Supp. 1099, 1105 (N.D. Cal.1972). I conclude that the defendants have failed to meet the requirements of Rule 19(b) as well as those of Rule 19(a) for a dismissal for nonjoinder.

## CONCLUSION

Therefore, IT IS ORDERED that the defendants' motions to dismiss counts 2, 3, 5, 6, 8 and 9 of the amended complaint for lack of jurisdiction over the subject matter be and hereby are granted.

IT IS ALSO ORDERED that the defendants' motions to dismiss counts 1, 4, 7, 10 and 11 for lack of jurisdiction over the subject matter be and hereby are denied.

IT IS FURTHER ORDERED that the defendants' motion to dismiss for failure to

state a claim upon which relief can be granted be and hereby is denied.

IT IS FURTHER ORDERED that the defendants' motion to dismiss for failure to join an indispensable party be and hereby is denied.