Edward J. iGreeufield, J.
In this article 78 proceeding, the petitioner 160 West 87th Street Corp., which was organized *298 by a group of tenants for the purpose of acquiring title to the building in which they lived and .sponsoring a co-operative offering plan, seeks to compel the respondent, the Attorney-General of the State of New York, to accept for filing an amendment .to the offering statement declaring its co-operative plan effective.
Petitioner had a contract with the present building owners to purchase the building, but if the plan had not become effective by June 30, 1973 the contract could be terminated on 10 days’ notice. Accordingly, a plan was promulgated, by offering statement and prospectus, which was accepted for filing by the Attorney-General, pursuant to .section 352-e of the General Business Law, on January 2,1973.
Thereafter 18 of the 38 tenants in .the building executed subscription agreements and made 10% down payments for their apartments. The plan provided that it could be declared effective when 35% of the tenants in rent-controlled apartments subscribed; and when 11 such tenants of the 28 under rent control did so, the petitioner on May 11, 1973 sought to file an amendment with the Attorney-General declaring the plan effective. The Attorney-General then asked petitioner for and received an affidavit setting forth the basis upon which the 35% computation was made, and a statement that all purchases had been made without fraud, duress or other discriminatory inducements.
Based on allegations by tenants opposed to the co-operative plan that there had been fraudulent practices in the offer and sale of the apartments, the Attorney-General sought to examine the 11 rent-controlled purchasers, and when petitioner declined itself to produce them, the Attorney-General, by letter dated June 8, 1973 wrote that he was refusing to accept for filing the amendment declaring the plan effective, because it was incomplete, and additional information was being sought about purchasers. Thereupon, on July 12, 1973 petitioner commenced a prior article 78 proceeding to compel the Attorney-General to accept for filing the amendment declaring the plan effective, and challenging the legality of the rules and practices of the Attorney-General’s office. It was alleged that the June 8, 1973 letter was not a proper deficiency letter as required by subdivision 2 of .section 352-e of the General Business Law, and that the plan could not be held up where there were disputed issues of fact, absent injunctive or criminal proceedings.
That proceeding came on before Gellotoff, J., who on August 12, 1973 held that the attack on the procedures and regulations *299 of the Attorney-General’s office in the initial filing of the prospectus was time barred, but noted: ‘ ‘ Petitioner contends that the Attorney General must accept the statement for filing, and may not investigate until after the plan becomes effective. However, the Attorney General is empowered to decline to accept the statement if it contains ‘ deficiencies ’ [General Business Law, § 352-e (2)], and the statute requires that the offering statement ‘ shall not omit any material fact or contain any untrue statement of a material fact.’ It necessarily follows that the Attorney General is empowered to make an investigation so that he may be able to determine whether there is such a 1 ***deficiency ’ before accepting the statement [see, Schumann v. 250 Tenants Corp., 65 Misc. 2d 253, 256 (Sup. Ct. N. Y. Co. 1970)].
" In the event the Attorney General has not determined that there exists a material misrepresentation within the time herein permitted, he must accept the statement for filing; should he thereafter, obtain information establishing a misrepresentation, he may then seek injunctive relief [Schumann v. 250 Tenants Corp., supra].”[1]
Accordingly, he directed the Attorney-General to commence and complete his investigation within 10 days of publication of his decision. His office did so, and on August 22, 1973 he issued a deficiency letter, reciting that statements in the amendment of effectiveness and its supporting affidavit were incorrect in that fraudulent and discriminatory inducements were made to tenants to procure their consent to the proposed co-operative conversion. Reference was made in the deficiency letter to credible evidence that an officer of the petitioner had given an undisclosed $400 to one of the rent-controlled tenants for her subscription deposit, a “vile method employed to induce tenant consent to obtain the required 35 percent.” Reference was also made to other credible testimony that there were undisclosed discriminatory offers to other tenants, constituting omissions of material fact which would bar the filing of the amendment of effectiveness under section 352-e of the General Business Law.
Thereupon, petitioner on October 18, 1973 brought this second article 78 proceeding to declare subdivision 2 of section 352-e of the General Business Law unconstitutional in its application *300 to the facts of this case, to declare the deficiency letter of August 22, 1973 invalid, to declare that its issuance was arbitrary and capricious, and to direct the Attorney-General to accept the amendment of effectiveness for filing.
This court finds no constitutional infirmity in subdivision 2 of section 352-e of the General Business Law. That statute provides in pertinent part: “ 2. Unless otherwise provided by regulation issued by the attorney general, the offering statement or statements or prospectus required in subdivision one of this section shall be filed with the department of law at its office in the city of New York, prior to the public offering of the security involved. No offer, advertisement or sale of such securities shall be made in or from the state of New York until the attorney general has issued to the issuer or other offerer a letter stating that the offering has been filed. The attorney general, not later than fifteen days after such filing, shall issue such a letter or, in the alternative, a notification in writing indicating deficiencies in the offering statement, statements or prospectus.” That portion dealing with the requirement of a letter within 15 days, specifying the deficiencies in offering statements or prospectus, was added to the original statute by amendment in 1961.
Petitioner contends the statute is unconstitutional because it authorizes the Attorney-General to make a factual determination which will bar the exercise of a substantial property right without affording the party affected adequate notice, a fair hearing, and a right to contravene allegations of impropriety by cross-examination and the proffer of evidence to the contrary (citing Matter of Hecht v. Monaghan, 307 N. Y. 461; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7803.12). There is nothing in the statute, however, which authorizes the exercise of judicial or quasi-judicial authority in the issuance of a deficiency letter, or bars the right of one promulgating or opposing a plan to have an ultimate determination in a fair hearing on the merits.
The responsibility and authority of the Attorney-General under section 352-e is purely administrative, and he is not empowered to make binding factual determinations of a judicial nature (Dunham v. Ottinger, 243 N. Y. 423, 432-433; Matter of MacNamara, 128 Misc. 84, affd. 218 App. Div. 822). The responsibility with which he is vested in connection with co-operative plans is to compel complete and fair disclosure of all the relevant facts. The essence of section 352-e is to compel publication of all the applicable facts so that investors and *301 purchasers of interests in real estate will have the facts fully and fairly .set before them. The function of a deficiency letter is, as the name indicates, to require the furnishing of additional information or the correction of misleading information. The deficiency letter is not a device to- .permit the Attorney-General to make a determination that a particular offering •shall be barred — his function is to see that accurate information is supplied. If he has reason to believe that there are fraudulent practices, the validity of such belief is .to be tested, not intramurally, but in a judicial framework. Thus, section 353 of the General Business Law requires the Attorney-General to ■proceed by applying to the court for an injunction against any fraudulent practice. Under section 353-a, he may ask for the appointment of a receiver and in aggravated cases the Attorney-General is empowered by section 358 to prosecute fraudulent practices which amount to criminal violation of the law. With respect to his power to conduct investigations or to require the promulgation of information, the Attorney-General acts in an administrative rather than an adjudicative capacity. In so acting in this preliminary fashion the Attorney-General is not required to conduct formal hearings upon due notice and to accept testimony from all interested parties. In Nagler v. Lefkowits (N. Y. L. J., May 30, 1972, p. 2, col. 5), the court noted: “while the sponsor of the plan of cooperative organization was required to file the plan and amendments thereto with the respondent [Attorney General], pursuant to the registration provision of General Business Law, section 352-e, there is no statutory requirement that the respondent permit tenants of the apartment building to be a party to its investigations of proposed offering plans ”. Similarly, there is no statutory requirement that sponsors of a proposed offering be a party to the Attorney-General’s investigation.
See Richards v. Kaskel (32 N Y 2d 524, 535), but compare Matter of Kaintermen (N. Y. L. J., Oct. 9, 1973, p. 2, col. 3) where this court held that in an investigation by the Attorney-General under section 352 of the General Business Law there is no right to compel a participatory hearing, nor does an affected party have a right to a hearing transcript with respect to “ administrative proceedings which are purely investigatory rather than adjudicative in nature ”, citing Matter of Groban (352 U. S. 330) and Haaland v. Pomush (263 Minn. 506; Ann. 33 ALR 3d 229, 246, § 5, subd. [c]).
As this court observed in Schumann v. 250 Tenants Corp. (65 Misc 2d 253, 256-257, supra), the Attorney-General has *302 discretion to refuse the prospectus for filing or if a fraudulent practice is disclosed, to seek injunctive relief, but: ‘ ‘ when he acts as an administrative official in filing or withholding the the filing of a co-op plan, his action or inaction is subject to an article 78 review, in which the question posed is whether his actions were arbitrary and capricious or based upon some rational and reasonable ground. * * * The sufficiency of the prospectus is for the Attorney-General in the first instance, with his administrative nonfeasance or malfeasance subject to article 78 review by the courts.” Thus, the; fact that the Attorney-General in conducting a preliminary investigation and in deciding to issue a deficiency letter, proceeded without notice and without a participatory hearing and unilaterally decided to withhold the filing of the amendment declaring the co-op plan to be effective, was in contravention of no constitutional requirements.
Simply stated, the determination of the Attorney-General is not final and binding in any sense. If the Attorney-General approves the plan for filing, those who object, claiming fraud or any other valid legal basis which would prevent the plan from coming into operation may come into court in a plenary action and seek an injunction (Schumann v. 250 Tenants Corp., supra). If the Attorney-General refuses to accept the plan for filing, the sponsors may then come into court and challenge the propriety of his administrative action in an article 78 proceeding. In either event, it is the court which will make an adjudicatory decision and the ultimate determination of law and fact.
The question presented then, is whether the Attorney-General’s refusal to accept the amendment declaring the plan to be effective constituted arbitrary and capricious determination. Such administrative action on his part can appropriately be challenged in this article 78. proceeding.
The stated basis of the Attorney:General’s withholding of approval for filing is that .statements in the offering, that there were no .fraudulent inducements, were contrary to the fact. The particular transaction specified deals with a loan allegedly made by one of the sponsors to a Mrs. Murray, one of the tenants. The Attorney-General cannot make a unilateral determination as to whether this transaction did or did not involve discriminatory inducements. That is an ultimate conclusion for determination by the court. His letter contains further a generally conclusory statement as to other fraud, without specification. The court is unable to determine, solely *303 on the papers before it, whether or not the withholding of approval for filing by the Attorney-General was arbitrary and capricious. A factual hearing is called for ,so that the court can review the Attorney-General ’s determination and ascertain whether the facts justify withholding the filing or would warrant preventing the plan from going into effect.
Settle order providing for an immediate hearing.

. The Appellate Division has since modified the order of Justice Gellinoff (Matter of 160 West 87th St. Corp. v. Lefkowitz, 43 A D 2d 68) disagreeing with the finding that the challenge to the legality of the rules was time barred. This decision does not in any way affect the principles hereinafter stated.