■ In the Matter of 44 WEST 96TH STREET ASSOCIATES, Respondent, v ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant. — Order, Supreme Court, New York County (Katz, J.), entered March 5, 1980, which, *inter alia,* granted the CPLR article 78 petition to the extent of remanding the co-operative offering plan to the respondent for a determination either to accept it for filing or to reject it within 30 days of service of the order with notice of entry, unanimously reversed, on the law, without costs or disbursements, and the petition dismissed without prejudice to a new petition. On August 20, 1980, petitioner, pursuant to section 352-e of the General Business Law, filed a proposed co-operative conversion plan with the Attorney-General, who, in acknowledging receipt of the plan the next day, advised that it was being assigned for "prefiling review" (13 NYCRR 17.3). After petitioner rejected such assignment, the Attorney-General, by letter dated September 15, 1980, listed a series of deficiencies relating to information which is required under section 352-eeee of the General Business Law. Specifically, the Attorney-General stated that an insufficient basis existed to find that there were no long-term vacancies in the building and that each tenant had received written notice. The Attorney-General also noted the absence of a guarantee from the managing agent and advised petitioner that because of these omissions he was statutorily precluded from accepting the plan for filing. On October 24, 1980, petitioner responded to the deficiency notification and submitted additional material, including a revised certified rent roll, a revised affidavit of service showing that each tenant received a copy of the plan, and a revised errata page containing a guarantee of the services to be performed by the managing agent. On November 13, 1980, petitioner inquired about the status of the matter. The Attorney-General, by letter of November 19, 1980, again refused to issue a letter of filing, citing an inadequacy of evidence to support the necessary finding by the Attorney-General that the building did not have any excessive long-term vacancies and that a proposed offering plan with proper notice of submission of an offering statement to the Attorney-General was timely served on all tenants. The deficiency letter of November 19, 1980, insisted that the notice provided to tenants did not clearly inform them that the "proposed offering statement or prospectus" was available for copying at certain locations, as the statute requires. The Attorney-General also found petitioner's notice misleading because it asserted that under New York law "tenants * * * have 15 days from the receipt of this Plan within which to examine [it]" and submit comments to the Attorney-General, whereas section 352-eeee (subd 3, par [b]) provides that "the attorney general shall not issue a letter stating that the offering [plan] has been filed for at least fifteen days" following submission of the plan to the Attorney-General. Petitioner, on December 3, 1980, submitted still another offering statement for review and filing. By order to show cause signed on December 15, 1980, petitioner commenced this article 78 proceeding to compel the Attorney-General to accept its December 3, 1980 proposed offering statement for filing. After reviewing petitioner's December 3, 1980 offering plan, the Attorney-General, by letter dated December 29, 1980, itemized the deficiencies, 24 in number, which its review of that submission disclosed. Most of the areas of deficiency concerned disclosure information required under section 352-e of the General Business Law and applicable regulations. Special Term remanded the matter to the Attorney-General to accept or reject the offering plan for filing. This was error. The Attorney-General is not required to accept a proposed offering statement for

filing regardless of its sufficiency. The Attorney-General is charged with the responsibility of determining that the offering literature does "not omit any material fact or contain any untrue statement of a material fact." (General Business Law, § 352-e, subd 1, par [b].) "The essence of section 352-e is to compel publication of all the applicable facts so that investors and purchasers of interests in real estate will have the facts fully and fairly set before them." (*160 West 87th St. Corp. v Lefkowitz*, 76 Misc 2d 297, 300-301.) Nor does the Attorney-General act arbitrarily in not issuing a single comprehensive letter enumerating all deficiencies within the 30-day period provided by subdivision 2 of section 352-e. The fact is that the Attorney-General never took more than 30 days to respond to each of petitioner's three submissions of a proposed offering. We find nothing irrational in a "two-tiered" review which begins with an examination of an offering statement to determine if the affirmative findings required of the Attorney-General under section 352-eeee are supported by the promoter's evidence before proceeding to examine the adequacy of disclosure of the offering's detailed terms under section 352-e. We agree with Special Term that the decision to file or prefile belongs to the sponsor, not the Attorney-General, but this is not the issue. In 1980 alone, approximately 800 proposed offering statements for co-operative interests in realty, an increase of 500% in four years, were submitted to the Attorney-General. Virtually all of these statements were initially submitted for prefiling review. This heavy workload and staff availability are appropriate considerations in evaluating the Attorney-General's interpretation and implementation of his statutory responsibilities. Since this petition was prematurely brought, inasmuch as the Attorney-General had not yet responded to petitioner's December 3, 1980 submission, and the 30-day period to respond had not yet run, the dismissal of the petition is without prejudice to a new proceeding, should petitioner be so advised, challenging the sufficiency of the December 29, 1980 deficiency letter. Concur — Murphy, P. J., Kupferman, Sullivan, Markewich and Lynch, JJ.