■ In the Matter of 1230 Park Associates, Respondent, v Robert Abrams, as Attorney-General of the State of New York, Appellant, and Southwest Tenants Association, Intervenors-Appellants. — Order and judgment, Supreme Court, New York County (Grossman, J.), entered March 17, 1982, which in a proceeding pursuant to CPLR article 78, and also seeking a declaratory judgment, granted the petition, denied respondent's cross motion to dismiss for prematurity, adjudged that petitioner's plan to convert 1230 Park Avenue to co-operative ownership as amended be deemed filed with respondent as of October 31, 1981, and directed respondent to issue to petitioner a letter stating that petitioner's plan as amended had been so filed, reversed, on the law, without costs, and the petition is dismissed as prematurely commenced without prejudice to petitioner commencing a new proceeding if so advised. Following respondent's issuance of a deficiency notification declining to accept for

filing petitioner's offering plan to convert to co-operative ownership the premises at 1230 Park Avenue, New York, New York, petitioner, on October 1, 1981, filed an amendment to the plan purporting to cure the deficiencies. Thereafter petitioner informed respondent that, pursuant to 13 NYCRR 17.1 (c) respondent was required to issue a filing letter prescribed by subdivision 2 of section 352-e of the General Business Law within two working days. Petitioner then commenced this proceeding by petition, together with an order to show cause, served on respondent on October 13, 1981 seeking a judgment declaring that the plan had been filed and directing respondent to issue a letter stating that the plan had been filed. By notice of cross motion served October 30, 1981, respondent moved to dismiss the petition as premature, alleging that petitioner had submitted its amendment on October 1, 1981 and that respondent had a period of 30 days within which to issue a filing or deficiency letter. In a decision dated February 5, 1982, Special Term denied the Attorney-General's motion to dismiss the petition as premature, noting that the proceeding had not appeared in Special Term until a date following respondent's issuance of a deficiency notice to petitioner rejecting the amended plan, and granted the relief sought in the petition. Thereafter, on March 11, 1982, Special Term signed an order and judgment which, *inter alia,* provided that the offering plan "is deemed filed with the office of the Attorney General of the State of New York as of October 31, 1981" and directed the Attorney-General to issue a letter to petitioner stating that the plan had been so filed. We reverse this order and judgment, on the law, grant respondent's motion to dismiss as premature, and accordingly dismiss the petition, without prejudice to the commencement of a new proceeding. We do not agree with petitioner's threshold contention that respondent was required to review and accept or reject within two working days the October 1, 1981 second proposed offering consisting of the original plan and amendments purporting to cure the deficiencies previously noted by the Attorney-General. As this court recently noted: "An amendment to an offering plan constitutes not only a submission of the amendment but a new submission of the plan as amended." (*Matter of Gonkjur Assoc. v Abrams,* 82 AD2d 683, 688, n.) Thus, as provided by subdivision 2 of section 352-e of the General Business Law, the Attorney-General had 30 days from October 1, 1981 to review the amended offering plan, and the proceeding commenced October 13, 1981 was premature. (See *Matter of 44 West 96th St. Assoc. v Abrams,* 85 AD2d 563; *State of New York v Gor-Hill Assoc.,* NYLJ, June 17, 1981, p 7, col 1.) In reversing on the ground that the proceeding was commenced prematurely, we intimate no view with respect to Special Term's disposition of the substantive issues raised other than to note that the significance of the issues presented makes it particularly important that they be addressed after compliance with the applicable procedural requirements, and after all parties, including the intervenors, have had an adequate opportunity to be heard. Concur — Sandler, J. P., Sullivan, Ross, Silverman and Lynch, JJ.