## (April 7, 1983)

■ In the Matter of CHELTONCORT, INC., Appellant, v ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent. — Order, Supreme Court, New York County (Leonforte, J.), entered on November 8, 1982, which denied petitioner's application to compel respondent to accept an offering plan for filing and granted respondent's cross motion to dismiss the petition for failure to exhaust administrative remedies, with leave to renew, is unanimously affirmed, without costs. Petitioner Cheltoncort, Inc. (Cheltoncort) is the owner of two residential buildings, known as 356 West 21st Street (356) and 360 West 21st Street (360). The buildings were constructed at the same time, have always been in common ownership, are located on a single tax lot and are covered by a single 8% mortgage. 356 contains five residential units, while 360 contains 52 residential units. 360 was "gut" rehabilitated in 1974 and with 356, enjoys a J-51 tax abatement. In June of 1981, petitioner submitted to the Attorney-General pursuant to 13 NYCRR 17.3 a draft of a proposed co-operative conversion plan for the conversion of the two buildings to a single co-op corporation. 13 NYCRR 17.3 establishes an optional "prefiling" procedure whereby a sponsor of a co-operative offering may submit the proposed offering plan to the Real Estate Financing Bureau of the Attorney-General's office for analysis and comment. This procedure was adopted by the Attorney-General in response to the criticism generated by the substantial backlog in co-operative conversion filings, and the long delays encountered in the review of the submissions. This prefiling procedure authorizes the Department of Law, after the lapse of 120 days from the date of the prefiling and after the analysis and comment provided for and after submission by the sponsor of 15 bound copies of the offering plan, together with his personal check or certified check for one half of the filing fee required by section 352-e (subd 7,

par [a]) of the General Business Law, to issue a letter to the sponsor or sponsor's attorney indicating that the draft offering plan is filed. At any time during the prefiling procedure, however, the sponsor may elect to make a submission for final filing in compliance with 13 NYCRR 17.1 (d) and (e), which filing would be subject to the time and other requirements of 13 NYCRR 17.1 (g). Additionally, if the Department of Law declines to issue the letter referred to above to the sponsor or sponsor's attorney under the prefiling procedure, the sponsor has the option of submitting the offering plan for final filing and complying with 13 NYCRR 17.1 (d) and (e) and 17.1. After receiving objections by a tenant's committee to the single plan, the Attorney-General notified the sponsor's counsel that the two buildings would have to be offered under separate plans because the disparate characteristics between the two buildings substantially outweighed the common characteristics. It was the Attorney-General's view that these dissimilarities would place the tenants of 356 at a substantial disadvantage, e.g., because of the greater number of tenants at 360, the voting power of the 356 tenants would be diluted; and because 356 had not been recently rehabilitated as had been 360, there reasonably may be expected to be a greater need for repairs for 356 than for 360 which need could cause a drain on the resources of 360 and which would be opposed by the tenants of 360. Other disparities involved separate and distinct heating and water systems, and the fact that there were rent stabilization registrations in respect to 360 which had a certificate of occupancy with no such certificate of occupancy or stabilization registrations at 356 because it contained less than six units. The Attorney-General therefore rejected the single or merger plan proposed by the sponsor. This CPLR article 78 proceeding ensued. Petitioner argues that the Attorney-General exceeded his statutory powers granted under section 352-e *et seq.* of the General Business Law in that he improperly inquired into the merits or substance of the plan rather than merely determining whether there was such accurate and adequate disclosure of information as would afford potential investors an adequate basis upon which to make a judgment in regard to their investment in the co-operative plan. Special Term dismissed the petition, holding that the filing of an article 78 proceeding prior to a final determination by the Attorney-General was premature, in that administrative remedies had not been exhausted. Moreover, Special Term found that substantively, the determination by the Attorney-General was not arbitrary or capricious and therefore dismissed the petition with leave to renew after administrative remedies had been exhausted. The prefiling procedure authorized by 13 NYCRR 17.3 *et seq.* is not a substitute for the formal filing procedures authorized by section 352-e *et seq.* of the General Business Law. As this court has previously held, the decision to file pursuant to section 352-e of the General Business Law or prefile pursuant to 13 NYCRR 17.3, belongs to the sponsor but until the Attorney-General has responded to the formal filing authorized under section 352-e, a petition such as the one here on review is prematurely brought (*Matter of 44 West 96 St. Assoc. v Abrams,* 85 AD2d 563). Accordingly, Special Term properly dismissed the petition herein. However, since there has not yet been a formal filing with an opportunity to the Attorney-General to respond thereto we do not reach the substantive issues presented on this appeal. Concur — Murphy, P. J., Ross, Asch, Milonas and Alexander, JJ.