■ In the Matter of LUMBERMEN's UNDERWRITING ALLIANCE, Respondent, v JAMES P. CORCORAN, as Superintendent of Insurance, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered June 1, 1983 in Albany County, which granted petitioner's application in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Insurance denying petitioner's application for a license to do business as a reciprocal insurer in the State of New York. ¶ Petitioner is a reciprocal interinsurance exchange chartered in Missouri and licensed to do business in every State except Hawaii and New York. Another Missouri corporation, U. S. Epperson Underwriting Company, has served exclusively as petitioner's attorney-in-fact. Petitioner has applied several times since 1949 to be licensed to do business in New York. In order for a foreign reciprocal insurer to be licensed to do business in New York, it must "comply with substantially the same requirements of this chapter which are applicable to domestic reciprocal insurers" (Insurance Law, § 422, subd 1). Respondent has consistently denied petitioner's applications, primarily on the ground that its subscriber agreement extends ultimate authority and control to the attorney-in-fact instead of to the advisory committee of subscribers in violation of the Insurance Law. The most recent denial on November 12, 1982 is the subject of this CPLR article 78 proceeding. Special Term annulled respondent's determination and ordered respondent to grant petitioner a license to do business in this State. Respondent has appealed. ¶ Article 12 of the Insurance Law defines a "reciprocal insurer" as: "any aggregation of persons, firms or corporations, herein called 'subscribers,' who or which under a common name engage in the business of inter-insurance or exchanging contracts of insurance on the reciprocal plan through an attorney-in-fact having authority to obligate the subscribers severally, within such limits as may lawfully be specified in the power of attorney, on contracts of insurance made with any subscriber as a policyholder through such attorney-in-fact acting on behalf of all other subscribers" (Insurance Law, § 410, subd 1). This statutory provision goes on to define the term "advisory committee": "The term 'advisory committee,' as used in this chapter, shall be deemed to include any official body, by whatever name called, which is chosen by the subscribers of a reciprocal insurer and which has, subject to the articles of association and subscribers agreement, ultimate power and responsibility in the management and control of the affairs of a

reciprocal insurer" (Insurance Law, § 410, subd 1). The attorney-in-fact has power to administer the day-to-day operations of the reciprocal insurer such as keeping the books, executing policies of insurance, investigating claims and receiving service of process. The ultimate power and responsibility of the management and control of the reciprocal insurer rests with the advisory committee. ¶ In the instant case, petitioner's attorney-in-fact has significant powers, such as the right to substitute for itself as manager any other agent which it may select. Respondent found that the arrangement involved was a "proprietary management agreement" which effectively divested the advisory committee of subscribers of control. Petitioner argues, as found by Special Term, that the definition of "advisory committee" in subdivision 1 of section 410 of the Insurance Law allows such an arrangement. We are of a contrary view. ¶ The statute provides that the "advisory committee" is a "body * * * which is chosen by the subscribers * * * which has, subject to the articles of association and subscribers agreement, ultimate power and responsibility" (Insurance Law, § 410, subd 1). In our view, the phrase "subject to the articles of association and subscribers agreement" does not allow the reciprocal insurer to abrogate all of the statutory restrictions on the powers of attorney-in-fact vis-à-vis the advisory committee simply by providing otherwise in the subscribers agreement. This interpretation of that phrase would render the other statutory provisions setting forth the organizational structure of a reciprocal insurer meaningless. Such a construction should not be given to a statute (McKinney's Cons Laws of NY, Book 1, Statutes, § 141). ¶ Additionally, section 410 of the Insurance Law is a definitional statute. The statutory provision relied on by petitioner is an attempt to define an "advisory committee", not to set forth its powers and responsibilities. Other statutory provisions deal with powers of the advisory committee. Specifically, sections 411 (subd 2, par [g]) and 415 (subd 1, par [e]) of the Insurance Law provide that the advisory committee possesses the ultimate authority over the attorney-in-fact and the reciprocal insurer. These statutes do not provide that their provisions may be altered by the articles of association and subscribers agreement. Indeed, subdivision 2 of section 415 of the Insurance Law provides that such agreements may not contain provisions contrary to those in subdivision 1 of section 415. Therefore, it is apparent that the phrase "subject to the articles of association and subscribers agreement" in subdivision 1 of section 410 of the Insurance Law refers to the procedural means by which the advisory committee carries out its ultimate power and responsibility and does not allow such power and responsibility to be delegated to the attorney-in-fact. ¶ In our view, petitioner's organizational structure does not comport with article 12 of the Insurance Law. Thus, respondent properly denied its application for a license to do business in the State of New York. ¶ Judgment reversed, on the law, with costs, determination confirmed, and petition dismissed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.