OPINION OF THE COURT
Richard W. Wallach, J.
Motion and cross motions Nos. 106 and 120, argued and submitted on the Special Term Part 1 Calendar of October 26, 1984, are consolidated and disposed of as follows:
(1) Application by Robert M. Morgenthau as District Attorney of New York County for a judgment pursuant to CPLR article 78 compelling Honorable Jay Gold, a Judge of the Criminal Court *857 of the City of New York, and his successor Judge presiding in All Purpose Part 3 (Honorable Stanley Gartenstein) to restore approximately 17 criminal prosecutions to the Active Calendar of that tribunal is denied and the cross motions to dismiss the petitions are granted.
(2) Motion by the Legal Aid Society to intervene as a parfy respondent is granted (CPLR 7802 [d]; Center Sq. Assoc. v Corning, 105 Misc 2d 6; Matter of Helms v Diamond, 76 Misc 2d 253; Community Bd. No. 4 [Manhattan] v Board of Estimate, 111 Misc 2d 1005).
(3) Motion by the Legal Aid Society to strike as scandalous and irrelevant paragraphs 27, 28 and 29 of the petition is denied (Matter of Emberger, 24 AD2d 864).
(4) Motion by Judge Gartenstein dismissing him as a party respondent to the proceeding is denied both on the merits (CPLR 1019), and as moot.
The application of the District Attorney for mandamus relief must be denied as a matter of law. The present controversy had its genesis in People v Douglass (60 NY2d 194), in which the Court of Appeals held that a judge of an inferior criminal court does not have authority to dismiss a misdemeanor complaint for “failure to prosecute” or “calendar control”, judicial power in this respect being limned by CPL 170.30 which does not include such reasons within its contours. By way of suggestion the court put forward an alternative “example” of legally acceptable calendar control: “A system of open or reserved dockets is an example of how cases of unwarranted delay in prosecution can be dealt with properly. The cases are marked off the active calendar, subject to the right of the prosecutor upon oral application to have a case restored after filing the document, the absence of which led to the case being placed on the reserve calendar, or in other situations, after becoming ready to proceed, and so informing the court and the defendant” (p 200; emphasis added).
It is this dictum which has given rise to the present application of the District Attorney, who stresses the circumstance that in the original slip opinion of the court the underscored portion read: “subject to the right of the prosecutor to apply for leave to restore.” The District Attorney duly moved in the Court of Appeals for amendment of this language, and the court made substantially the change sought (although denying the People’s motion) sua sponte. From these circumstances the People argue here that a legal duty has been imposed upon the respondent Judges of the Criminal Court to grant restoration of these 17 *858 criminal cases to the Active Calendar automatically as a matter of right.
Unfortunately for the People this hypothetical “example” of calendar management proffered by Judge Jasen is too frail a creature to support the heavy .burden of mandamus, which may be granted only “to enforce an administrative act positively required to be done by a provision of law” (Matter of Walsh v La Guardia, 269 NY 437, 441; Matter of Littlefield-Alger Signal Co. v County of Nassau, 40 Misc 2d 948, 950). The duty of performance must be so clear “as not to admit of reasonable doubt or controversy” (Matter of Burr v Voorhis, 229 NY 382, 387), and such drastic relief is “usually deemed not available in arguable circumstances of legal right” (Matter of Alweis v Wagner, 14 NY2d 923, 924). It seems quite doubtful that the Court of Appeals in the cited portion of Douglass (supra) intended to fashion a new absolute right for the People in the context of exemplary dictum (People v Rosano, 69 AD2d 643, 654, affd 50 NY2d 1013). The doubt is clarified by the converse proposition: surely none of the parties before the court or anyone else, for that matter, was vested with a “right” to compel the Criminal Court to establish a Reserve Calendar at all. Nothing in the record before this court satisfactorily demonstrates that Judge Gold’s declination to restore these cases to active status violates a statutory or other clear legal duty susceptible of description as ministerial (cf. Matter of Silver v Gassman, 6 AD2d 694, Iv denied 5 NY2d 706 [where violation of a statutory duty mandated under Code Crim Pro § 669 was involved]). On the contrary a determination to require as a condition of restoration that, for example, police reports be produced, and although exempt from disclosure to defendant (People v Simone, 92 Misc 2d 306) at least be made available to the court and the prosecuting assistant, would appear to fall well within the ambit of permissible judicial discretion, particularly since such reports might be essential for production at trial ás “Rosario material” (People v Rosario, 9 NY2d 286) if the maker of the report were to be called as a trial witness (People v McLoughlin, 104 Misc 2d 730). Certainly a Calendar Judge’s decision to insist upon immediate availability of prosecutorial material essential to prevent a trial delay or even a mistrial can scarcely be regarded as arbitrary, especially in light of the few trial parts actually available. Indeed the area of calendar control, and the order in which cases are heard, has been viewed as particularly appropriate for the exercise of sound judicial discretion and unreviewable (Landis v North Am. Co., 299 US 248, 254) as a power that *859 exists independent of any statute (Riglander v Star Co., 98 App Div 101, affd 181 NY 531). While it might be sounder practice for the Bench to impose all of the “readiness” requirements together, and not piecemeal, and while the frustration of the prosecutor is understandable at the imposition of belated conditions, these circumstances are insufficient to trigger the extreme remedies of mandamus or prohibition. Furthermore, to grant relief sought here would place this court in the position of overreaching its own powers. “‘[T]he writ of mandamus may also be addressed to subordinate judicial tribunals, to compel them to exercise their functions, but never to [compel] them to decide in a particular manner * * * though it can be compelled by mandamus to determine the fact, it cannot be directed to decide in a particular way, however clearly it be made to appear what the decision ought to be.’ ” (Klostermann v Cuomo, 61 NY2d 525, 540.)
In this instance, of course, the People are not complaining of judicial inaction, but rather of overly enthusiastic action, particularly by respondent Gold, in his use of the Reserve Calendar device. A different problem would be presented if the Criminal Court were shown to have closed its doors altogether to any cases brought by the People, but that extreme situation is not before the court at this time.
For the reasons stated the clerk of this court is authorized and directed to enter judgment in favor of respondents and against petitioner dismissing the petition.