OPINION OF THE COURT
Harold Tompkins, J.
The petitioners in this proceeding seek to compel the Division of Housing and Community Renewal (hereinafter DHCR) to process and issue final administrative order on all major *175 capital improvement (MCI) rent increases pending within 30 days and further directing that owners with pending MCI increases be entitled to collect the increases sought pending issuance of a final administrative disposition. For the reasons stated below, the petition is dismissed.
On April 1, 1984, pursuant to the Omnibus Housing Act (L 1983, ch 403, §§ 16, 18, 20) DHCR is the successor agency to the Conciliation and Appeals Board (CAB). It consequently has succeeded to the CAB’s power to approve MCI increases under the Administrative Code of the City of New York (Rent Stabilization Law) § YY51-6.0 (c) (6); Code of the Rent Stabilization Association of New York City, Inc. §41. The statute sets no specific date for issuance of increases. As of April 1, 1984, there was a backlog of 1,733 applications pending for MCI increases. As of November 30, 1985, orders have been issued in 1,590 of the 1,733 pre-April 1, 1984 MCI applications leaving a backlog of 143 pre-April 1, 1984 applications pending.
DHCR received 2,821 MCI applications from April 1, 1984 through November 30, 1985 and issued 1,251 determinations leaving a backlog of 1,570 post-April 1, 1984 MCI applications unresolved. DHCR states and the individual petitioners in their reply fail to controvert that the MCI applications of the individual petitioners have been decided, rendering the proceeding moot as to those parties.*
MANDAMUS
The writ of mandamus to compel performance is an extraordinary remedy (Matter of Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88 [1981]). It is available only under narrow and clearly defined circumstances. There must be a duty imposed by law (Matter of Lisa v Board of Elections, 83 AD2d 949 [2d Dept 1981]; Matter of Morgenthau v Gold, 126 Misc 2d 856 [Sup Ct, NY County 1985]) and the action requested must be of a ministerial nature (Matter of Hamptons Hosp. & Med. Center v Moore, supra; Matter of Cohalan v Caputo, 94 AD2d 742 [2d Dept 1983]). The party seeking mandamus must show a clear right to the relief sought (Matter of Brown v New York State Dept. of Social Servs., 106 AD2d 740 [3d Dept 1984]), and *176 mandamus is inappropriate where the action is of a discretionary nature (Matter of Chessin v New York City Conciliation & Appeals Bd., 100 AD2d 297 [1st Dept 1984]).
The number of pre-April 1, 1984 applications had diminished to a relatively low level. As of November 30, 1985, only 143 such cases remained. Although there is an extensive backlog due to post-April 1, 1984 applications, it is plainly reasonable for DHCR to consider the oldest applications first. The court is cognizant of the fact DHCR has numerous other duties involving administration of the rent laws. The internal allocation of agency resources is necessarily discretionary and consequently mandamus to compel is unavailable (Matter of Brown v New York State Dept. of Social Servs., supra; Matter of City of New York v New York State Dept. of Envtl. Conservation, 89 AD2d 274 [3d Dept 1982]).
Spring Realty v New York City Loft Bd. (127 Misc 2d 1090 [Sup Ct, NY County 1985]) which ordered mandamus in a case holding a three-year delay unreasonable is distinguishable on its facts. The delay, in this case, is significantly less and the agency has virtually completed the oldest pending applications.
That portion of the petition requesting a rent increase pending administrative disposition of pending MCI application is also denied. There is a specified procedure for obtaining MCI rent increases (Rent Stabilization Law § YY51-6.0 [c]). There is no provision for increases pending approval and in the absence of a clear right, mandamus to compel will not lie (Matter of Hamptons Hosp. & Med. Center v Moore, supra; Matter of Chessin v New York City Conciliation & Appeals Bd., supra).
Accordingly, the petition to compel administrative determinations of pending MCI applications and for interim rent increases is denied in all respects.
Settle order dismissing the petition.

 The specific individual petitions are moot in this action. However, the petition is also brought in behalf of all those similarly situated. Although there is no order of certification, respondents have failed to raise this issue and in light of the disposition, the court need not consider it.