OPINION OF THE COURT
Norman C. Ryp, J.
"Every thing has its season and a time to every purpose* * *
*878 "A time to keep, and a time to cast away * * *
"A time to be silent, and a time to speak”. (Ecclesiastes 3:1, 6-7.)
In this CPLR article 78 proceeding, under CPLR 7803 (1), petitioner seeks to compel respondent, State Division of Housing and Community Renewal (hereinafter DHCR), to make a determination with respect to petitioner’s application for major capital improvements (hereinafter MCI) rent increases. The application is granted and the respondent is directed to render a decision within 60 court days after service of a true copy of this order, with notice of entry.
z
The facts herein are undisputed. On September 25, 1986, pursuant to DHCR regulations, petitioner filed an application for MCI rent increases on the basis that said petitioner had installed building-wide improvements at its premises known as 415-425-435-445-455 West 23rd Street and 420-430-440-450-460 West 24th Street, New York, New York. The application was assigned a DHCR docket number (AF-430095M). On September 25, 1986, copies of petitioner’s MCI application were served on the tenants. To date, respondent has not made a determination. During argument herein its counsel was unable to advise petitioner and the court the MCI application’s current status or what, if any, progress had been made in processing or even where said MCI application is now located.
Respondent, DHCR, argues that petitioner’s application for MCI rent increases is being processed "in due course”, and in its affirmation in support of its verified answer cites cases that denied orders of mandamus where respondents were backlogged under similar circumstances. (See, Matter of Duffy v Wyman, 58 Misc 2d 649 [Sup Ct, Nassau County 1968]; Matter of Tracey Tower Realty Co. v New York State Div. of Hous. & Community Renewal, 132 Misc 2d 174 [Sup Ct, NY County 1986]; Matter of 44 W. 96th St. Assocs. v Abrams, 85 AD2d 563 [1st Dept 1981].) These cases are factually distinguishable from the case at bar. In both Duffy v Wyman, a 1968 case, and Tracey Tower Realty Co. v New York State Div. of Hous. & Community Renewal, a 1986 case, the respondent agencies supported their arguments of being overburdened and backlogged with statistics. (See, Matter of Duffy v Wyman, supra, at 651; Matter of Tracey Tower Realty Co. v New York State Div. of Hous. & Community Renewal, supra, at 175.) Here, DHCR, in this 1988 case, does not supply the court with any statistics upon the specific size and extent of their backlog nor how *879 many applications per week are currently being processed nor how many processors DHCR is employing now. Respondent merely makes the conclusory statement that DHCR is backlogged. Petitioner has now been awaiting a determination by respondent for over 17 months, without any inkling as to what stage, if any, has been reached upon this application let alone the approximate date for a final determination. 44 W. 96th St. Assocs. v Abrams (supra) is also distinguishable, since therein the Attorney-General processed the petitioner’s offering plan and rejected same at least twice because of deficiencies. (See, Matter of 44 W. 96th St. Assocs. v Abrams, supra, at 563-564.) Herein, there is no indication that petitioner’s application is even moving forward.
Respondent also contends that petitioner has not shown significant hardship to trigger this court’s discretionary power to grant an order of mandamus, and that petitioner is merely looking for preferential treatment. Petitioner’s hardship is that over 17 months ago it spent $567,317.57 in major capital improvements on its premises, and after following DHCR’s regulations petitioner has not been told whether or when it will be able to recoup that money through additional rent.
The case that respondent annexed to its response papers as exhibit A (Coronet Props. Co. v New York State Div. of Hous. & Community Renewal, Sup Ct, NY County, Gabel, J., index No. 6540/87) is distinguishable herein because the petitioner in Coronet spent only $40,000, in addition to being unable to show that respondent therein was unreasonably delaying processing its application or that respondent was not properly processing its application. (See, Coronet Props. Co. v New York State Div. of Hous. & Community Renewal, supra, at 3.) Here, however, as stated above there is over 12 times the amount in Coronet at stake and this delay in processing can be said to be unreasonable because again herein we have no time frame from respondent as to the application’s status, progress, if any, or location. This time uncertainty not only prejudices petitioner but the 988 tenants in subject premises who must eventually respond fiscally, if not legally, to subject MCI application.
While the Supreme Court of this State, through its Individual Assignment System under the fine leadership of the Chief Judge seeks to meet and master the current civil litigation explosion, "in due course” which reflects a bureaucratic principle of perpetual pendency, is not an effective or efficient strategy to conquer an administrative backlog. There is a time *880 for everything, as quoted above in Ecclesiastes. The time is now for a prompt and equitable determination. Accordingly, the relief requested in the petition is granted to the extent of directing respondent to render a determination within 60 court days after service of a true copy of this order with notice of entry.