OPINION OF THE COURT
William J. Davis, J.
Pursuant to CPLR article 78, petitioner, Britton Realty Co., seeks an order reversing, annulling and setting aside an order denying the petitioner maximum based rent increases. In the alternative, petitioner seeks an order compelling respondent *684 to render a determination on petitioner’s application within 30 days, and grant a discretionary stay of the order.
Petitioner is the owner of premises located at 141 East 56th Street, New York, New York. On September 11, 1987, respondent, the State Division of Housing and Community Renewal (hereinafter DHCR) denied maximum based rent increases for 38 rent-controlled apartments stating that petitioner had failed "to properly certify and remove rent impairing violations and all other violations on record since January 1, 1985.” In response, petitioner filed a challenge to the order. Thereafter, DHCR took no action to reinspect the premises. On October 30, 1987, DHCR issued a final order (7MBC-00366-M) (7M-02784-M), denying maximum based rent increases on the premises. According to DHCR, the application was denied because petitioner failed to meet certification requirements with respect to the 38 units, and failed to comply with "violation Items 362 and 363”, as of the Department of Housing Preservation and Development’s (HPD) October 22, 1987 printout. On December 4, 1987, petitioner filed a petition for administrative review (PAR) and commenced this proceeding, challenging the order of October 30, 1987. Petitioner claims said order was arbitrary and capricious because HPD failed to reinspect the premises after petitioner’s September 1987 challenge. No determination has yet been made.
The controlling statutes are section 26-516 (h) of the Administrative Code of the City of New York and section 2529.11 of the Rent Stabilization Code (9 NYCRR). Section 26-516 (h) provides that DHCR will administer review of "all orders * * * pursuant to this chapter” within 90 days except where the parties agree to one, 30-day extension. Pursuant to section 2530.1, an article 78 proceeding "may be instituted * * * after the expiration of the 90-day or extended period within which the commissioner may determine a PAR pursuant to section 2529.11”.
Ten months have passed since petitioner filed an application for administrative review.
Respondent contends that petitioner has failed to exhaust its administrative remedies and therefore is not entitled to mandamus relief. However, when the "relief sought is in the nature of mandamus to compel * * * rather than mandamus to review, administrative finality is inapplicable”. (Matter of Ista Mgt. Co. v State Div. of Hous. & Community Renewal, 139 Misc 2d 1, 3 [Sup Ct, NY County 1988].) Although the writ of *685 mandamus to compel performance is an extraordinary remedy, it may be granted when a petitioner’s claim is premised upon a specific legal right, ministerial in nature. (Matter of Sullivan v Siebert, 70 AD2d 975 [3d Dept 1979]; Matter of Peirez v Caso, 72 AD2d 797 [2d Dept 1979].)
However, mandamus relief will not be granted when the action sought to be enforced is discretionary, unless such discretion has been abused by arbitrary and capricious action. (Matter of Stutzman v Fahey, 62 AD2d 1070 [3d Dept 1978]; Matter of Tracey Tower Realty Co. v New York State Div. of Hous. & Community Renewal, 132 Misc 2d 174 [Sup Ct, NY County 1986].)
Respondent contends that the obligation to render administrative review of petitioner’s application is discretionary, judgmental and nonministerial. To the contrary, it seems quite apparent that DHCR’s failure to perform "the duty to render a determination within a reasonable time” is not discretionary once the 90-day review period has passed. (Matter of Ista Mgt. Co. v State Div. of Hous. & Community Renewal, supra, at 4.) Indeed, section 26-516 (h) clearly states that "[n]o proceeding may be brought pursuant to article seventy-eight of the civil practice law and rules to challenge any order or determination which is subject to such administrative review unless * * * (2) the ninety day period provided for determination of the petition for review (or any extension thereof) has expired.”
Accordingly, as the time limit has expired, the order is remanded to DHCR to render a determination on petitioner’s application within 60 days.
That portion of the petition requesting this court to set aside, annul or reverse the order of DHCR prior to administrative review by the same is denied. An article 78 proceeding is not intended to "substitute] * * * the court’s discretion for that of the administrative agency.” (Matter of Chessin v New York City Conciliation & Appeals Bd., 100 AD2d 297, 302 [1st Dept 1984].)