OPINION OF THE COURT
Phyllis Gangel-Jacob, J.
In this CPLR article 78 proceeding, petitioner Audubon *832 Avenue Associates seeks a judgment in the nature of mandamus directing respondent State Division of Housing and Community Renewal, Office of Rent Administration (DHCR) to issue a final determination on petitioner’s pending application for rent increases based on major capital improvements.
Petitioner is the owner of an apartment building located at 247 Audubon Avenue, New York, New York (the building). On December 18, 1987, petitioner filed an application with the DHCR for major capital improvements (MCI) rent increases in the building based upon the installation of waterproofing, roof resurfacing, an intercom system, mailboxes, boiler and burner. Petitioner was thereafter notified that its application had been assigned docket No. BL-530094-OM, and it served copies of the application on the tenants. Petitioner received no further communications from the DHCR and is unaware of any further activity on its application since December 18, 1987. To date, petitioner has not received a determination on its application for rent increases.
Petitioner now seeks relief in the nature of mandamus directing the DHCR to issue a determination on its application for rent increases. Petitioner claims that the DHCR’s failure to make a determination has caused it to lose revenue necessary to properly maintain the building and jeopardizes its ability to recover prospective rent increases. Petitioner asserts that it has been deprived of the use of $58,820.98 and will continue to accrue a loss of $980.34 a month until the DHCR issues a determination.
In opposition, respondent asserts that petitioner has failed to establish that it is entitled to extraordinary relief in the nature of mandamus, claiming petitioner has failed to establish a clear right to the relief requested and that the DHCR has not failed to perform a duty enjoined upon it by law. Respondent contends that it is processing MCI applications in an orderly fashion based both upon the date of filing and the size of the building. The long delay in processing petitioner’s application is attributed by respondent to the agency’s heavy caseload. Respondent contends that as of January 1, 1990 there were 6,929 MCI applications still pending, "thousands” of which were filed before petitioner’s MCI application. Respondent maintains that petitioner’s commencement of this proceeding is an attempt to have its case given preferential treatment and processed out of turn.
Petitioner’s application for rent increases based upon major *833 capital improvements is governed by section 2522.4 and part 2527 of the Rent Stabilization Code (Code; 9 NYCRR parts 2520-2530) which do not contain any time limit for the determination of such applications (9 NYCRR 2522.4, 2527.1-2527.11). Therefore, a reasonable time to act will be presumed when no specific time is given (963 Assocs. v Popolizio, Sup Ct, NY County, Greenfield, J. [index No. 10955/83], affd 98 AD2d 996 [1st Dept 1983]). An order in the nature of mandamus only lies where petitioner has a clear legal right to the relief sought and the act is ministerial in nature. (Matter of Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88; Matter of Schwartz v New York State, Div. of Hous. & Community Renewal, Sup Ct, NY County, Jan. 25, 1989, Ciparick, J. [index No. 21461/88].)
Notwithstanding that petitioner’s application was filed on December 18, 1987, the court is mindful of the extensive number of MCI filings the DHCR must contend with and finds its practice of determining these cases in their rightful order to be proper (see, Matter of Tracey Tower Realty Co. v New York State, Div. of Hous. & Community Renewal, 132 Misc 2d 174, 176 [Sup Ct, NY County 1986]). The court is also mindful that the Code provides that an owner which satisfies the requirements set forth in Code § 2522.4 (a) (2) (i) and which files a complete application with the DHCR pursuant to Code § 2522.4 (a) (3), "may begin to collect such increase in the legal regulated rent prior to the issuance of an order granting the increase”. (9 NYCRR § 2522.4 [a] [2] [i]; [3] [i].) In these circumstances, the court is not persuaded that petitioner will be unduly prejudiced by the delay caused by DHCR’s determining its MCI application in its proper order, despite the significant number of applications that are on line before it.
Moreover, the court is not persuaded that petitioner has established a clear legal right to the relief sought sufficient to compel performance by the DHCR. In light to its numerous other duties involving administration of the rent laws, the "internal allocation of [DHCR’s] resources is necessarily discretionary” and not strictly ministerial in nature. (See, Matter of Tracey Tower Realty Co. v New York State, Div. of Hous. & Community Renewal, supra, at 176.) The court wishes to here note that in these cases the court believes the answer is not to grant mandamus (except in a proper case), as that will only cause confusion and further delay in requiring the DHCR to take certain applications out of turn. Rather, the answer lies in legislatively increasing the manpower and resources avail *834 able to the DHCR so that it may address in a more timely fashion the significant number of matters that come before it.
Accordingly, in the circumstances of this case, petitioner’s application is denied and the petition is dismissed.