■ Academic Health Professionals Insurance Association, as Subrogee of Lance Wagner, M.D., Respondent, v M.Q. of New York, Inc., Appellant. M.Q. of New York, Inc., Appellant, v William P. Dillon, Individually and as Chairman of the Board of Governors and Executive Committee of Academic Health Professionals Insurance Association, et al., Respondents. In the Matter of M.Q. of New York, Inc., Appellant, v Gregory Serio, as Superintendent of Insurance of the State of New York, et al., Respondents. Medical Quadrangle, Inc., et al., Appellants, v Martin Kern et al., Respondents, et al., Defendant. [818 NYS2d 196]—

Orders, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about April 15, 2003, which denied the motion by M.Q. for, inter alia, restoration as attorney-in-fact for the reciprocal insurer; on or about April 17, 2003, which denied M.Q.'s motion to disqualify Michael Haskel from representing the individual officers and trustees of Academic Health Professionals Insurance Association; on or about April 30, 2003, which, inter alia, granted the motion by respondents therein to dismiss M.Q.'s petition; on or about April 30, 2003, which denied M.Q.'s motion for appointment of an independent negotiator; on or about May 18, 2004, which, inter alia, granted Academic's motion for partial summary judgment on its third cause of action in the amount of $285,877; August 25, 2004, which granted the motion by defendants, except for Haskel, to dismiss the complaint as against them; and on or about November 16, 2004, which granted the motion by defendant Haskel for summary judgment dismissing the complaint as against him, unanimously affirmed, with costs.

These are consolidated appeals arising out of the termination by Academic, a reciprocal insurance association formed under article 61 of the Insurance Law, of its attorney-in-fact, M.Q. of New York. On October 3, 2001, Academic's Board of Governors voted unanimously to remove M.Q. from that position. M.Q. was notified in writing of the Board's action and given 10 causes for the decision, after which more than 95% of the voting subscribers approved the removal recommendation, consistent with Insurance Law § 6106 (a) (4) (C).

Academic requested approval by the Superintendent of Insurance of both the termination and M.Q.'s replacement as attorney-in-fact by another entity. The Superintendent thoroughly examined the termination process. His investigative personnel met separately with Academic and M.Q., and considered each side's extensive submissions. M.Q. commenced a CPLR article 78 proceeding to challenge the Superintendent's ultimate approval.

The Superintendent's determination was not arbitrary, capricious or without a rational basis (see Matter of Hughes v Doherty, 5 NY3d 100, 105 [2005]), and was entitled to great deference because the matter was particularly within his authority and area of expertise (see Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 548-549 [1997]). Contrary to M.Q.'s contention, nothing in article 61 renders an attorney-in-fact a partner of, or the holder of any proprietary interest in, a reciprocal insurer. Rather, the advisory committee (here, the Board of Governors) has the "ultimate power and responsibility in the management and control of the affairs of a reciprocal insurer" (Insurance Law § 6101 [a]), which includes "the power and duty to regulate the compensation, powers and duties of the attorney-in-fact" (Insurance Law § 6106 [a] [3] [E]). Therefore, the attorney-in-fact is clearly subordinate to the advisory committee, and its power to act on behalf of the reciprocal insurer is limited by both article 61 and the parties' management agreement (see Matter of Lumbermen's Underwriting Alliance v Corcoran, 103 AD2d 947, 948 [1984], affd 65 NY2d 653 [1985]). Since M.Q.'s right to compensation derived entirely from its management agreement with Academic, and in view of the Superintendent's approval of M.Q.'s termination as Academic's attorney-in-fact, the effort to sue for damages was properly rejected.

We have considered M.Q.'s other arguments and find them unavailing. Concur—Buckley, P.J., Tom, Friedman and Nardelli, JJ.