**71st St. Props. LLC v New York State Div. of Hous. & Community Renewal**

2024 NY Slip Op 30286(U)

January 23, 2024

Supreme Court, New York County

Docket Number: Index No. 158627/2023

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. JUDY H. KIM</u>       PART        04

*Justice*

-------------------------------------------------------------------------------X

71ST STREET PROPERTIES LLC,

                 Petitioner,

          - v -

NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL, STACEY MCCOSKY,

                Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158627/2023 |
| MOTION DATE | 08/30/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 12, 13, 14, 15, 16
were read on this motion for       ARTICLE 78 (BODY OR OFFICER)       .

In this Article 78 proceeding, petitioner 71st Street Properties, LLC seeks an order, by way of mandamus, directing respondent the New York State Division of Housing and Community Renewal ("DHCR") to issue a final determination on petitioner's application to evict respondent Stacey McCosky—the only tenant remaining in the building owned by petitioner at 1343 Second Avenue, New York, New York (the "Building")—from the Building within thirty days. For the reasons set forth below, petitioner's motion is denied and this proceeding is dismissed.

On April 29, 2020, petitioner filed an application with the New York City Department of Buildings ("DOB") to demolish the Building, which was approved on March 2, 2021 (NYSCEF Doc. No. 1 [Petition at ¶¶10-12]).

On September 22, 2022, pursuant to Rent Stabilization Code §2524.5(a)(2), petitioner filed another application with DHCR for approval to refuse to renew McCosky's rent-stabilized lease on the grounds of demolition (Id. at ¶¶5, 13, 26). On October 7, 2022, DHCR informed petitioner that this application did not meet the "requirements for docketing" as it was not "accompanied by

**158627/2023   71ST STREET PROPERTIES LLC vs. NEW YORK STATE DIVISION OF HOUSING
AND COMMUNITY RENEWAL ET AL
Motion No.  001**

**Page 1 of 4**

1 of 4

[* 1]

architectural plans for the project approved by the DOB, and proof of financial ability to complete the project" (NYSCEF Doc. No. 6). On November 29, 2022, petitioner informed DHCR that the material sought had already been included with petitioner's initial application (NYSCEF Doc. No. 1 [Petition at ¶18). On December 9, 2022, DHCR assigned petitioner's application to Docket Number KW410004OE (Id. at ¶20).

On May 17, 2023, DHCR again requested that petitioner provide architectural plans approved by the DOB and proof of financial ability to undertake the demolition (Id. at ¶21) which petitioner provided on June 19, 2023 (Id. at ¶22). To date, DHCR has not issued a final determination on petitioner's application.

On August 30, 2023, petitioner commenced this proceeding, arguing that it has been prejudiced by DHCR's delay in processing petitioner's application since it cannot undergo the Building's demolition and subsequent redevelopment until McCosky is evicted (Id. at ¶33). DHCR opposes petitioner's motion, arguing that petitioner is not entitled to mandamus relief because the DHCR has actively processed petitioner's application and a determination as to the merits of petitioner's application is a discretionary, rather than ministerial, act. Respondent further asserts that petitioner's application is complex and requires a thorough review and potential evidentiary hearing to ensure due process is afforded to those at risk of eviction.

## DISCUSSION

"Article 78 is the codification of the common-law writs, including a writ of mandamus to compel. Mandamus to compel is a judicial command to an officer or body to perform a specified ministerial act that is required by law to be performed. It does not lie to enforce a duty that is discretionary" (Alliance to End Chickens as Kaporos v NY City Police Dept., 152 AD3d 113, 117 [1st Dept 2017] [internal citations omitted]; see also CPLR §7803[1]). As a general matter,

**158627/2023   71ST STREET PROPERTIES LLC vs. NEW YORK STATE DIVISION OF HOUSING          Page 2 of 4
AND COMMUNITY RENEWAL ET AL
Motion No.  001**

2 of 4

[* 2]

"DHCR's decision regarding whether or not to grant petitioner's application to terminate the tenancy of its tenants so petitioner may proceed with the demolition/renovation of its building is a discretionary matter" for which mandamus relief does not lie (Matter of 81 Warren St. Realty Corp. v New York State Div. of Hous. & Community Renewal, 2008 NY Slip Op 31030[U], *5 [Sup Ct, NY County 2008]).

Although petitioner seeks an order directing DHCR to address petitioner's pending application within a set timeframe (rather than directing DHCR to grant its application), mandamus is still inappropriate. "In light to its numerous other duties involving administration of the rent laws, the internal allocation of DHCR's resources is necessarily discretionary and not strictly ministerial in nature" (Audubon Ave. Assoc. v State Div. of Hous. & Community Renewal, etc., 148 Misc 2d 831, 833 [Sup Ct, NY County 1990]). While "[t]his court is mindful of petitioner's frustration occasioned by the delay in processing his application … the legislature which empowers DHCR has not imposed any time limitations on its decision-making process" and, "[a]s our appellate courts repeatedly remind us, an administrative agency is entitled to great deference in matters within its authority and area of expertise" (In re 81 Warren St. Ry Corp. v New York, 2008 NY Slip Op 31030[U] [Sup Ct, New York County 2008] citing Academic Health Professionals Insurance Association v. M.Q. of New York, Inc., 30 AD3d 165 [1st Dept 2006]). In short, "[w]hile DHCR is not proceeding with the processing of petitioner's application as expeditiously as petitioner expects, it is clear that DHCR is fulfilling its duty and processing the application" (Id.). Accordingly, it is not appropriate for this Court to "direct DHCR to render a decision on the instant matter within a specified period of time" (Id.).

In light of the foregoing, it is

**ORDERED** and **ADJUDGED** that the petition is denied and this proceeding is dismissed.

This constitutes the decision and order of the Court.

| 1/23/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **HON. JUDY H. KIM, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**158627/2023   71ST STREET PROPERTIES LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4